PEOPLE v GRAY

1. FORGERY—UTTERING AND PUBLISHING—CONSTITUTIONAL LAW—
   STATUTES.

   The constitutionality of the uttering and publishing statute is
   controlled by *People v Hall,* 391 Mich 175 (1974) (MCLA
   750.249).

2. CRIMINAL LAW—WALKER HEARING—CONFESSION—COLLATERAL ES-
   TOPPEL.

   A *Walker* hearing results in a final determination of fact and the
   determination of involuntariness of a confession at a *Walker*
   hearing is a factual determination which should be binding on
   the people for all purposes under the doctrine of collateral
   estoppel; there is no good purpose to be served by re-litigating
   the question of voluntariness when that matter has been fully
   and fairly presented to a competent authority for determina-
   tion.

3. CRIMINAL LAW—WALKER HEARING—MOTION TO SUPPRESS—FOR-
   GERY—UTTERING AND PUBLISHING—FAILURE TO OBJECT—AP-
   PEAL AND ERROR.

   Defendant's second statement which had been ruled inadmissible
   in a prior *Walker* hearing held in connection with a different
   charge should have been suppressed at his trial for uttering
   and publishing a forged check and another *Walker* hearing
   ordered on his first statement, if he had objected to their
   introduction by moving to suppress them as involuntary; how-
   ever, it was not error to admit these statements in the absence
   of objection where there was no attempt at relitigation of the
   issue of voluntariness, for the theory of defense on which the

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forgery § 20.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 440, 441.

case was tried was that because of a heroin high the defendant lacked the requisite criminal intent and in this circumstance whether to let the statements in or keep them out was undoubtedly a matter of complete indifference to the defense.

Appeal from Court of Appeals, Division 3, Danhof, P. J., and R. B. Burns and J. H. Gillis, JJ., affirming Kalamazoo, Lucien F. Sweet, J. Submitted May 8, 1974. (No. 4 May Term 1974, Docket No. 54,829.) Decided October 30, 1974. Rehearing denied 393 Mich 914.

45 Mich App 643 affirmed.

William H. Gray was convicted of uttering and publishing a forged check. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*State Appellate Defender Office* (by *Marshall S. Redman* and *Judith K. Munger),* for defendant on appeal.

T. G. KAVANAGH, J. Defendant appeals his conviction of uttering and publishing a forged check.[1] He makes five assertions of error.

One assertion of error has to do with the constitutionality of the uttering and publishing statute, and that subject is controlled by our decision in *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974).

We granted leave in order to determine whether it is error to admit a statement made by a defend-

---

[1] MCLA 750.249; MSA 28.446.

ant which had been ruled inadmissible in a prior
*Walker* hearing[2] held in connection with a differ-
ent charge.

The facts which are necessary to consider in this
regard are the following:

Defendant was arrested near a certain market
where he had negotiated a check. Upon his arrest,
after being advised of his rights according to the
testimony of one of the arresting officers, the
defendant stated that his name was "Joses Ander-
son" the payee of the check which name the
defendant had endorsed on the check in order to
cash it in the store.

Defendant was taken to the sheriff's office in the
Kalamazoo County Building where, according to
the police, he was again advised of his rights, and
made a second statement in which he admitted
cashing the check and told the officers where he
had put the proceeds of the check. Approximately
a half hour later when they could not find the
money in the place described in the defendant's
statement, the police questioned the defendant for
the third time in a "holdover" cell in the jail.

During this third interrogation the defendant
appeared to be ill. He stated that he was a heroin
addict and had methadone in his possession. He
was taken to the hospital. Subsequently he was
charged with unlawful possession of a narcotic.[3]

In the prosecution on the narcotic charge, a
*Walker* hearing was held, and the court deter-
mined that the last two statements were not vol-
untary and accordingly granted the motion to
suppress them.

In the trial of the uttering and publishing

---

[2] Hearing held pursuant to *People v Walker,* 374 Mich 331; 132
NW2d 87 (1965).

[3] MCLA 335.153; MSA 18.1123.

charge the first two statements were admitted without objection on the part of defense counsel.

It is urged on appeal that to admit the second statement after it was determined to be not voluntary is error, for under the doctrine of collateral estoppel that issue can never be re-litigated.

The prosecutor maintains that a *Walker* hearing does not result in final determination of fact to which the doctrine of collateral estoppel applies.

We disagree with the prosecutor that a *Walker* hearing does not result in a final determination of fact. In *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972) we held that the determination of involuntariness at a *Walker* hearing was a factual determination. As such we are satisfied that it should be binding on the people for all purposes under the doctrine of collateral estoppel. We see no good purpose to be served by re-litigating the question of voluntariness when that matter has been fully and fairly presented to competent authority for determination.

But saying this does not mean that we agree with the defendant that error was committed in this case by the use of the defendant's statements.

If the defendant had objected to their introduction by moving to suppress them as involuntary, certainly the second statement which had been held involuntary in the *Walker* hearing should have been suppressed and another *Walker* hearing ordered on the first statement.

However, in the circumstances of this case it was not error to admit these statements in the absence of objection. There was no attempt at re-litigation of the issue of voluntariness, for the theory of defense on which the case was tried was that because of a heroin high the defendant lacked the requisite criminal intent. In this circumstance

whether to let the statements in or keep them out was undoubtedly a matter of complete indifference to the defense.

The other issues raised on appeal were adequately treated by the Court of Appeals, and we find no error in their disposition of them.

Affirmed.

T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. G. KAVANAGH, J.