THOMAS L. MONAHAN vs. COMMONWEALTH. January 12, 1993. *Practice, Criminal,* Dismissal, Appeal by Commonwealth.

The complaints against the defendant, Thomas L. Monahan, for operating a motor vehicle while under the influence of alcohol, see G. L. c. 90, § 24, and failing to slow at an intersection, see G. L. c. 90, § 14, were dismissed by a judge in the South Boston District Court. Trial had been scheduled for December 16, 1991. On motion of the Commonwealth, trial was continued for ten days, until December 27, 1991. On December 27, the Commonwealth requested a second continuance, and Monahan simul-

---

[1] Under the will of Robert G. Hill. The plaintiff also named Donald R. Sydor as a defendant. The jury returned a verdict favorable to Sydor and neither party appealed. Hill impleaded North Shore Dental Porcelain Laboratories, Inc. The jury returned a verdict in favor of North Shore and, again, neither party appealed.

taneously moved to dismiss. After argument by counsel, the judge dismissed the Commonwealth's complaints with prejudice.

On February 10, 1992, the Commonwealth refiled its complaints against Monahan in the District Court. Monahan moved to dismiss the revived complaints, asserting they were barred by the judge's order of December 27, dismissing the prior complaints with prejudice. The judge revoked his earlier order dismissing the Commonwealth's first complaints, and denied Monahan's motion to dismiss.

Monahan filed a petition pursuant to G. L. c. 211, § 3, with the Supreme Judicial Court for Suffolk County, requesting that the Commonwealth's revived complaints be dismissed. After hearing, the single justice dismissed the complaints. The Commonwealth appeals. We affirm.

The Commonwealth asserts that it could refile the complaints and a "subsequent court considering the new complaint . . . is free to determine whether the earlier dismissal with prejudice was properly grounded, and, if not, to allow the Commonwealth to proceed on the reasserted charges." We do not agree.

The appropriate relief from dismissal of a complaint is an appeal "by and on behalf of the commonwealth by the attorney general or a district attorney to the appeals court in all criminal cases from a decision, or order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint . . . ." G. L. c. 278, § 28E. See Mass. R. Crim. P. 15 (a) (1), 378 Mass. 882 (1978). Review of the correctness of the dismissal of a complaint is by an appellate court, not the *same* court.

The cases relied on by the Commonwealth are cases which hold that dismissal of a criminal complaint without a trial does not preclude a trial on the mérits after an indictment for the same offense unless there is a constitutional impediment such as double jeopardy or lack of a speedy trial. See, e.g., *Commonwealth* v. *Zannino*, 17 Mass. App. Ct. 73, 76 n.3 (1983). See also *Commonwealth* v. *Ludwig*, 370 Mass. 31, 32 (1976). The Commonwealth, however, did not proceed by indictment but rather sought review in the same court. This the Commonwealth cannot do.

The Commonwealth had ample remedies. It could have sought reconsideration of the dismissal of the complaint. It could have appealed the ruling. It could have proceeded by way of indictment. What it could not do was simply ignore the judge's ruling and refile the same complaints in the same court.

*Judgment affirmed.*

*Roger L. Michel, Jr.*, Assistant District Attorney, for the Commonwealth.

*Richard A. Magri* for the defendant.