COMMONWEALTH *vs.* CLYDE WILLIAMS.

Hampden. February 8, 2000. - March 16, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Collateral Estoppel. Due Process of Law,* Collateral estoppel. *Practice, Criminal,* Collateral estoppel, Dismissal, Motion to suppress, Interlocutory appeal.

Where the Commonwealth did not file an application for leave to appeal from an order suppressing evidence in a criminal case and instead moved to dismiss the indictment, and did not move for reconsideration of the suppression order following this court's decision in *Commonwealth* v. *Gauthier,* 425 Mass. 37 (1997), the Commonwealth was estopped from prosecuting the same defendant on an identical subsequent indictment based on the suppressed evidence: the second indictment was correctly dismissed by a Superior Court judge on the defendant's motion. [73-77]

Where the record of a criminal proceeding in which an indictment was dismissed did not disclose whether the Commonwealth had any evidence on which to proceed to trial, independent of evidence that had been suppressed, the matter was remanded for further proceedings or for dismissal with prejudice. [77]

INDICTMENT found and returned in the Superior Court Department on August 7, 1997.

A motion to dismiss was heard by *Francis R. Fecteau,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

*James Hammerschmith,* Committee for Public Counsel Services, for the defendant.

GREANEY, J. A judge in the Superior Court dismissed an indictment charging the defendant, as a second or subsequent offender, with unlawful possession of marijuana with intent to distribute, G. L. c. 94C, § 32C (*b*). The judge ordered dismissal on the ground of collateral estoppel because a previous indictment for the same offense had been dismissed on motion of the Commonwealth, after the defendant's motion to suppress the

evidence (the marijuana) had been granted, and the Commonwealth had not pursued an interlocutory appeal. The Commonwealth appeals from the order dismissing the second indictment. We transferred the case here on our own motion. We conclude that the judge properly dismissed the second indictment. We vacate the order of dismissal, however, to allow the Commonwealth to determine whether evidence other than what had been suppressed supports the indictment of a lesser included offense.

The background of the case is as follows. On September 12, 1996, a grand jury returned an indictment (no. 96-1994) against the defendant charging him, as a second or subsequent offender, with unlawful possession of marijuana with intent to distribute, G. L. c. 94C, § 32C (*b*). The defendant moved to suppress the evidence (the marijuana), which had been seized by the police pursuant to an anticipatory warrant, because the warrant itself did not comply with the requirements concerning the triggering event and was thereby constitutionally defective. A judge in the Superior Court held an evidentiary hearing on the motion, and in findings and rulings dated January 31, 1997, allowed the motion to suppress because the warrant itself did not set forth the triggering event, and the affidavit (which stated the triggering event) was not read to the persons who were present at the premises searched. In so doing, the judge expressly relied on two decisions of the Appeals Court, *Commonwealth* v. *Gauthier*, 41 Mass. App. Ct. 765 (1996), and *Commonwealth* v. *Callahan*, 41 Mass. App. Ct. 420 (1996), concerning anticipatory warrants and the requirements governing the statement, or explanation, of the triggering event. The Commonwealth filed a notice of appeal from the judge's suppression order. The Commonwealth, however, eventually decided not to file an application with this court for leave to seek an interlocutory appeal, and instead moved to dismiss the indictment "because [due to the suppression order] there is no admissible evidence to sustain this indictment at this point." On May 5, 1997, a judge in the Superior Court (not the judge who granted the motion to suppress) allowed the Commonwealth's motion and the indictment was dismissed.[1]

On May 16, 1997, eleven days after the order of dismissal

---

[1]The endorsement dismissing the indictment did not expressly state whether the dismissal was with or without prejudice. Nothing in this opinion turns on the lack of a specific endorsement on the prejudice point.

had entered, this court decided *Commonwealth* v. *Gauthier*, 425 Mass. 37 (1997), in which we had granted the Commonwealth's application for further appellate review. *Id.* at 38. We emphasized our continuing adherence to the principles set forth in *Commonwealth* v. *Soares*, 384 Mass. 149, 154-155 (1981), that anticipatory warrants are not per se unconstitutional, and that the authorizing statute, G. L. c. 276, § 1, did not require such a warrant to contain on its face explicit directions about the triggering event, as long as the conditions precedent to the warrant's execution are contained in the affidavit supporting the application for the warrant and the conditions are satisfied before the warrant is executed. *Commonwealth* v. *Gauthier, supra* at 41-45. We thus disagreed with, and rejected, the reasoning of the Appeals Court that suggested the contrary might be the law.

Based on this turn of events, the Commonwealth presented its case against the defendant to another grand jury using the same evidence that had been previously suppressed. On August 7, 1997, this new grand jury returned the indictment we are now considering (no. 97-1649), charging the defendant, as did the first grand jury, under G. L. c. 94C, § 32C (*b*), as a second or subsequent offender, with unlawful possession of marijuana with intent to distribute. The defendant moved to dismiss this indictment. His motion was granted by a judge in the Superior Court who concluded that the indictment was barred on the basis of collateral estoppel.[2] This appeal by the Commonwealth followed.

1. The Commonwealth argues that the judge relied on the doctrine of collateral estoppel as an incident of due process protection, and the Commonwealth notes, correctly, that we have declined to apply collateral estoppel as a corollary of due process against the Commonwealth through the Fourteenth Amendment to the United States Constitution. See *Krochta* v. *Commonwealth*, 429 Mass. 705, 715 & n.9 (1999), and cases cited. The Commonwealth maintains that our *Gauthier* decision constitutes an important superseding event, and, as such, ef-

---

[2] The judge also concluded that the indictment should be dismissed because the grand jury had been presented "shoddy merchandise" in the form of evidence that was subject to a suppression order about which they were not informed, and, as a result, the integrity of the proceedings had been impaired. We do not consider this ground on appeal.

fectively prevents resort to collateral estoppel principles to grant the defendant relief.[3]

Principles of issue preclusion derive from the common law with roots in civil proceedings.[4] The principles have application to criminal cases, *Commonwealth* v. *Ellis*, 160 Mass. 165, 165 (1893), and they "preclude[] relitigation of issues determined in prior actions between the parties." *Sena* v. *Commonwealth*, 417 Mass. 250, 260 (1994). "Issues precluded under this doctrine must have been actually litigated in the first action . . . [and] there must have been available some avenue for review of the prior ruling on the issue." *Id.* Finally, issue preclusion usually applies only "where there is mutuality of the parties," *Commonwealth* v. *Benson*, 389 Mass. 473, 478 n.6, cert. denied, 464 U.S. 915 (1983), a circumstance that is not in controversy here.

We need not decide whether constitutionally based issue preclusion principles may be applied outside of a situation where jeopardy does not attach because this case can be resolved by application of common-law issue preclusion principles, to which the judge adverted when he stated in his decision that the order allowing the defendant's motion to suppress evidence had become "the law of the case." Courts that have dealt in various contexts with the question of issue preclusion because of unappealed suppression orders have reached different results. Some have held that the prosecution is bound in the later case under issue preclusion principles by a prior suppression ruling. See, e.g., *People* v. *Williams*, 59 Ill. 2d 557, 560-561 (1975); *People* v. *Gray*, 393 Mich. 1, 4 (1974); *State* v. *Gonzalez*, 75 N.J. 181, 184-190 (1977); *State* v. *Swain*, 267 Or. 527, 531 (1974). Other courts have reached contrary results. See, e.g., *State* v. *McCord*, 402 So. 2d 1147, 1148-1149 (Fla. 1981); *Joyner* v. *State*, 678

---

[3]The doctrine of collateral estoppel may apply the protection of the Fifth Amendment to the United States Constitution to bar or limit a defendant's prosecution. See *Commonwealth* v. *Benson*, 389 Mass. 473, 475, cert. denied, 464 U.S. 915 (1983). Because jeopardy did not attach here, this aspect of the doctrine does not have relevance. See *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976).

[4]In the interest of proper nomenclature, we point out that this case concerns a matter of direct estoppel because the issue actually litigated and decided between the Commonwealth and the defendant arises in identical indictments that charge the same criminal offense. Collateral estoppel usually involves the common issue that arises in a subsequent action of a *different* claim between the parties. See Restatement (Second) of Judgments § 17 comment c, at 149-150 (1982).

N.E.2d 386, 393-394 (Ind. 1997); *Cook* v. *State*, 281 Md. 665, 670-671, cert. denied, 439 U.S. 839 (1978). After analysis of the competing decisions, a commentator has stated: "In those jurisdictions where the prosecution may take an interlocutory appeal, it is quite proper to view the failure to appeal as rendering the pretrial order 'a final determination and res judicata,' so that the order would be binding even in the event of a dismissal and reinstitution of the charges." 5 W.R. LaFave, Search and Seizure § 11.2(f), at 92 (3d ed. 1996). In *United States* v. *Oppenheimer*, 242 U.S. 85, 85-86 (1916), the defendant had been reindicted for the same offense that had been the subject of an earlier indictment that was dismissed as barred by the statute of limitations. The order of dismissal was held to be erroneous under the reasoning of a later United States Supreme Court decision. *Id.* at 86. Nonetheless, Justice Holmes rejected the prosecution's argument that the defendant could permissibly be reindicted, saying:

"Upon the merits the proposition of the [g]overnment is that the doctrine of res judicata does not exist for criminal cases except in the modified form of the Fifth Amendment that a person shall not be subject for the same offence to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offence charged. It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt."

*Id.* at 87.

We conclude here that the Commonwealth is bound under issue preclusion principles by the suppression order. At the time the Commonwealth claimed an appeal from the order, the prosecution should have been aware that the *Gauthier* case would be before us on further appellate review, a circumstance that signaled at least a possibility that the Appeals Court's reasoning on the requirements governing an anticipatory warrant, as stated in its *Callahan* and *Gauthier* decisions, might be

rejected or revised.[5] The Commonwealth, nevertheless, chose not to file an application for leave to pursue an interlocutory appeal from the suppression order under Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), and instead moved to dismiss the first indictment. We reject the Commonwealth's argument that its right to seek review of the suppression order was not absolute, so that it should be excused from the option. A single justice of this court, of course, has discretion to deny an application of the Commonwealth under rule 15 (a) (2) for leave to pursue an interlocutory appeal from the allowance of a defendant's motion to suppress, yet rarely does so when the Commonwealth's case depends on the evidence that has been suppressed. There is little doubt that an application here, had one been filed, would have been allowed, in view of our pending consideration of the appeal in the *Gauthier* case.

After we issued our *Gauthier* decision, the Commonwealth also could have moved for reconsideration of the suppression order. The Commonwealth chose not to do so. This is not a case to apply, in the Commonwealth's favor, the discretionary exception that permits a reviewing court to authorize re-litigation of an issue because of an intervening change in the applicable law. See Restatement (Second) of Judgments § 28(2) & Reporter's Note at 286 (1982). Our *Gauthier* opinion pointed out that *Commonwealth* v. *Soares*, 384 Mass. 149. 154-155 (1981), which predated the Appeals Court's *Callahan* and *Gauthier* decisions, remained the governing law, so that reaffirmation of the pertinent principles in the *Soares* decision should not have surprised the Commonwealth. Society's interest in seeing a defendant prosecuted for a specific crime does not outweigh the interests of this defendant (who has prevailed on a decisive motion after an evidentiary hearing) to avoid reprosecution for the same offense based on the same evidence.[6] See, as to analogous matters, *Monahan* v. *Commonwealth*, 414 Mass. 1001, 1002 (1993) ("The Commonwealth had ample remedies [for the allegedly improper dismissal of a criminal complaint for lack of

[5]The judge entered the suppression order on January 31, 1997. Some three weeks earlier, on January 8, 1997, we granted the Commonwealth's application for further appellate review in the *Gauthier* case. This information was available from the office of the Clerk of the Supreme Judicial Court for the Commonwealth.

[6]Contrary to the Commonwealth's contention, our decision in *Commonwealth* v. *McCravy*, 430 Mass. 758 (2000), is inapplicable because that case did not involve issue preclusion principles.

prosecution]. It could have sought reconsideration of the dismissal of the complaint. It could have appealed the ruling. It could have proceeded by way of indictment. What it could not do was simply ignore the judge's ruling and refile the same complaints in the same court"); *Commonwealth* v. *Steadward,* 43 Mass. App. Ct. 271, 272-273 (1997) ("[T]he Commonwealth argues that dismissal of its [subsequent] complaints [for motor vehicle violations] on the basis of untimely citations [as required by G. L. c. 90C, § 2,] was error. . . . The controlling point is that the Commonwealth, having chosen not to exercise its right of appeal from that judgment, cannot now seek review of the propriety of those dismissals"). Cf. *Joyner* v. *State, supra* at 393-394 (court did not apply issue preclusion exception defined above, but allowed reprosecution in murder case, where motion to suppress had been granted, and suppression order had not become final). The judge acted properly in dismissing the indictment.

2. The Commonwealth does not expressly state in its brief that the indictment should stand because it has other evidence, independent of the evidence that had been suppressed, to prove its case against the defendant. It appears that the Commonwealth has no such evidence. We shall vacate the order of dismissal to allow the Commonwealth to make the final determination. If there is no other evidence to support the charge, or any lesser included charge, the indictment should promptly be dismissed with prejudice. If other evidence exists, the Commonwealth should so indicate, and the judge hearing the matter may permit further proceedings.

3. The order dismissing indictment no. 97-1649 is vacated. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*