BENTON, J.,
concurring in judgment.
I believe we are obliged to reverse on account of the decision in State v. McCord, 402 So.2d 1147, 1148-1149 (Fla.1981) (holding four-three, per Alderman, J., that collateral estoppel did not bar the state from re-litigating a motion to suppress it lost in county court when the state filed new charges in circuit court that “arose from the same detention and search” because the defendant had not “been put in jeopardy of a determination of guilt in the county court” before dismissal of the charges there). See also Joyner v. State, 678 N.E.2d 386, 393-394 (Ind.1997); Cook v. State, 281 Md. 665, 381 A.2d 671, 675 (1978). But see United States v. Oppenheimer, 242 U.S. 85, 87, 37 S.Ct. 68, 61 L.Ed. 161 (1916) (“We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words.”) (holding unanimously, per Holmes, J., that a second indictment was barred where a former indictment for the same offense had been dismissed on statute of limitations grounds, even though the defendant had never “been put in jeopardy”); People v. Williams, 59 Ill.2d 557, 322 N.E.2d 461, 463-64 (1975); Commonwealth v. Williams, 431 Mass. 71, 725 N.E.2d 217, 220-21 (2000); People v. Gray, 393 Mich. 1, 222 N.W.2d 515, 517 (1974); State v. Gonzalez, 75 N.J. 181, 380 A.2d 1128, 1133-34 (1977); State v. Swain, 267 Or. 527, 517 P.2d 684, 686 (1974). Although collateral estoppel does not preclude revocation proceedings, the county court’s view that the conduct in question was not unlawful may yet carry the day.