COMMONWEALTH *vs.* JAMES N. CLAYTON (No. 1).

No. 04-P-445.

Barnstable. March 3, 2005. - May 23, 2005.

Present: ARMSTRONG, C.J., GRASSO, & MILLS, JJ.

*Rape. Unnatural Sexual Intercourse. Practice, Criminal,* Law of the case, Indictment. *Grand Jury. Evidence,* Prior misconduct.

A criminal defendant convicted, on retrial, of rape could not argue, on appeal, that his right to due process of law was violated because the petit jury were permitted to return a verdict on evidence of acts of natural sexual intercourse when the indicting grand jury heard evidence only of acts of unnatural sexual intercourse, where the same issue had been considered and rejected in his appeal from his first trial and, thus, constituted the law of the case and could not, in the absence of any new factual or legal argument, be reopened. [609-613]

At a criminal trial, the judge did not abuse his discretion in admitting testimony regarding prior bad acts committed by the defendant, where the evidence was relevant and its probative value outweighed its prejudicial impact, and where the judge gave careful contemporaneous and posttrial limiting instructions to the jury on their use of the evidence. [613-614]

INDICTMENT found and returned in the Superior Court Department on July 1, 1996.

After review by this court, 52 Mass. App. Ct. 198 (2001), the case was tried before *Richard F. Connon,* J.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

*J. Thomas Kirkman,* Assistant District Attorney, for the Commonwealth.

GRASSO, J. In *Commonwealth* v. *Clayton,* 52 Mass. App. Ct. 198 (2001) (*Clayton I*), we reversed the defendant's conviction on a single indictment of statutory rape that charged him with having "sexual intercourse or unnatural sexual intercourse" with a child at divers times from 1979 to 1987. *Id.* at 199. We reversed because we concluded that limitation of the defendant's

cross-examination of the complainant amounted to prejudicial error. *Id.* at 202-203. We also decided that the defendant was not denied due process of law in violation of art. 12 of the Massachusetts Declaration of Rights where the petit jury may have based their conviction on acts of natural sexual intercourse and the grand jury only heard evidence as to acts of unnatural sexual intercourse. *Id.* at 204-207.[1] See *Commonwealth* v. *Barbosa*, 421 Mass. 547, 549 (1995) (under art. 12 no one may be convicted of crime punishable by term in State prison without being indicted for that crime).

On retrial, the jury could not reach a unanimous verdict and the judge declared a mistrial. At the defendant's third trial, a jury again found him guilty.

On appeal, the defendant again argues that his right to due process of law was violated because the petit jury were permitted to return a verdict on evidence of acts of natural sexual intercourse when the indicting grand jury heard evidence only of acts of unnatural sexual intercourse.[2] He also asserts that the trial judge erred in permitting the introduction of prior bad acts. We affirm.

1. *The indictment, amended bill of particulars, and proof at trial.* The defendant rightly does not contend that he lacked notice of the acts on which the Commonwealth would rely to prove the crime charged; the indictment and amended bill of particulars provided the defendant ample notice of the nature and character of the proof to be offered at trial. See *Commonwealth* v. *Crawford*, 429 Mass. 60, 69 (1999) (purpose of bill of particulars is to give defendant reasonable knowledge of nature and character of crime charged, and effect, when filed, is to restrict scope of indictment and proof). Nor does he challenge the sufficiency of the evidence of natural sexual intercourse or the jury's general verdict. Although the Com-

---

[1]For a detailed explanation of the evidence adduced in the Commonwealth's presentment to the grand jury and the subsequent amendment of the bill of particulars to include acts of natural as well as unnatural sexual intercourse, see *Clayton I*, 52 Mass. App. Ct. at 204-205.

[2]The defendant also frames his due process argument in reference to the trial judge's denial of his motion to strike the Commonwealth's bill of particulars that described natural sexual intercourse as within the scope of the indictment.

monwealth presented evidence of both natural and unnatural sexual intercourse, the trial judge gave the jury a specific unanimity instruction. See *Commonwealth* v. *Conefrey*, 420 Mass. 508, 514 (1995).

The defendant maintains, as he did in *Clayton I*, that a petit jury may not convict a defendant of statutory rape on evidence of natural sexual intercourse, unless the indicting grand jury also heard evidence of acts of natural sexual intercourse. He candidly acknowledges that this argument revisits an issue we considered and rejected in *Clayton I*. However, he maintains that principles of issue preclusion[3] do not prohibit renewing the same argument here because he prevailed on a different ground and had no reason to seek further appellate review of our adverse decision on his due process claim.[4] See *Bynum* v. *Commonwealth*, 429 Mass. 705, 707 (1999) (rejecting Commonwealth's argument that "a party who has prevailed on a point in the Appeals Court and does not seek further review is bound by a statement of law in the Appeals Court opinion that is not essential to that court's conclusion in his favor"). The Commonwealth argues that *Bynum* is distinguishable and that the defendant should be precluded from raising again in the same case an issue already raised and decided adversely to him.

Our decision in *Clayton I* does not work a direct estoppel because of the absence of a final judgment of conviction. See *Commonwealth* v. *Williams*, 431 Mass. 71, 74 n.4 (2000); *Commonwealth* v. *Rodriguez*, 443 Mass. 707, 710 (2005) (precluding defendant from relitigating issue previously decided on

---

[3]The matter is, more precisely, one of direct estoppel because the issue actually litigated and decided arises from the same indictment. *Commonwealth* v. *Rodriguez*, 443 Mass. 707, 709 (2005). Collateral estoppel (or issue preclusion) usually involves a common issue arising in a subsequent action of a different claim between the parties. See *Commonwealth* v. *Williams*, 431 Mass. 71, 74 n.4 (2000).

[4]In *Clayton I*, the defendant argued specifically that his conviction must be reversed because he may have been convicted of a crime not charged by the grand jury (which only heard acts of particular kinds of unnatural sexual intercourse). Here, he recasts the same issue three different ways: (1) *Clayton I* was incorrectly decided; (2) on retrial, the judge erred in not striking the amended bill of particulars that detailed acts of natural sexual intercourse; and (3) due process is violated because he may have been convicted of statutory rape on a factual theory (natural sexual intercourse) that was not presented to the grand jury.

direct appeal based on assertion that issue was decided wrongly). Nevertheless, that decision is the law of the case. The "law of the case" doctrine reflects a "reluctance 'to reconsider questions decided upon an earlier appeal in the same case.' " *King* v. *Driscoll*, 424 Mass. 1, 7-8 (1996), quoting from *Peterson* v. *Hopson*, 306 Mass. 597, 599 (1940). "An issue[,] once decided, should not be reopened unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *King* v. *Driscoll*, 424 Mass. at 8 (quotations and citations omitted). See *Chase Precast Corp.* v. *John J. Paonessa Co.*, 409 Mass. 371, 379 (1991). None of those circumstances is present here.

Preliminarily, we observe that our determination in *Clayton I*, 52 Mass. App. Ct. at 204-207, that the defendant's conviction on proof of acts of natural sexual intercourse would not violate due process of law, was neither dictum nor "volunteered comment." Contrast *Bynum* v. *Commonwealth*, 429 Mass. at 707-708. Indeed, in the logical hierarchy of issue consideration, we only reached the defendant's second appellate issue, the restriction on cross-examination, because we first concluded that his due process argument failed.[5] Our determination to that end is the law of the case.

In this appeal, the defendant makes no new factual or legal argument. He offers only that *Clayton I* was wrongly decided and that the judge on retrial erred in denying his motion to strike the amended bill of particulars. Our decision, however, is not contrary to *Commonwealth* v. *Barbosa*, 421 Mass. at 551, or *Stirone* v. *United States*, 361 U.S. 212 (1960).[6] "Article 12

[5]Conspicuously absent from *Clayton I* is the familiar language that signifies we are passing on an issue that need not be decided in light of our holding on a different issue. See, e.g., *Commonwealth* v. *Rodriguez*, 58 Mass. App. Ct. 610, 619 (2003).

[6]Indeed, the defendant's sole claim is rightly under the Massachusetts Declaration of Rights, as "[t]he right to a grand jury, secured by the Fifth Amendment to the United States Constitution, is not binding on the States through the due process clause of the Fourteenth Amendment. See *Hurtado* v. *California*, 110 U.S. 516, 534-535 (1884)." *Commonwealth* v. *McCravy*, 430 Mass. 758, 761 n.5 (2000).

requires that no one may be convicted of a crime punishable by a term in the State prison without first being indicted for that crime by a grand jury." *Commonwealth* v. *Barbosa*, 421 Mass. at 549 (footnote omitted). Here, the defendant was indicted for statutory rape, defined as "sexual intercourse or unnatural sexual intercourse" with a child. G. L. c. 265, § 23, inserted by St. 1974, c. 474, § 3. In obtaining the indictment, the Commonwealth presented evidence to the grand jury sufficient to establish that the defendant committed the crime of statutory rape, and the defendant does not contend otherwise. See *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982) (to obtain indictment, Commonwealth must present evidence sufficient to establish crime was committed and defendant committed it). At trial, on sufficient evidence of both natural and unnatural sexual intercourse, the jury found the defendant guilty of statutory rape.

The flaw in the defendant's logic is his confusion of the role of the grand jury in indicting and that of the petit jury in deciding whether the Commonwealth has proved that the defendant committed the crime in the indictment. To comply with art. 12 due process requirements, the Commonwealth need not present to the grand jury evidence of each theory under which the defendant may be found guilty at trial of the crime for which he is indicted. We have never required that there be an exact match between the evidence presented at trial and that presented to the grand jury. See *Commonwealth* v. *Daughtry*, 417 Mass. 136, 142 n.4 (1994). It suffices that at trial the Commonwealth presented sufficient evidence to establish statutory rape under each theory of prohibited intercourse. Contrast *Commonwealth* v. *Plunkett*, 422 Mass. 634, 635 (1996); *Commonwealth* v. *Eldridge*, 28 Mass. App. Ct. 936, 937-938 (1990). See *Commonwealth* v. *Fuller*, 421 Mass. 400, 412 (1995) (where crime can be committed in any one of several ways, defendant may be convicted if it is proved he committed crime in any one of those ways).

In sum, our decision in *Clayton I* is the law of the case, "binding absolutely upon every tribunal . . . except one clothed with power to overrule it and finally declare the law to be

otherwise." *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349 (1929).[7] The defendant's conviction of statutory rape is based on a crime for which he was indicted by the grand jury because the offense charged in the indictment and that on which the defendant was tried and convicted were the same. Contrast *Commonwealth* v. *Barbosa*, 421 Mass. at 550-551.

2. *Prior bad acts.* The defendant next contends that the trial judge erred in admitting evidence of prior bad acts over objection. At issue is testimony from the victim and from the defendant's son that when the victim was twelve or thirteen years old, and the son was three years older, the defendant arranged for the two children to get into his bed in order to engage in sex. The defendant positioned them head to toe to perform oral sex, but they "didn't do anything." The defendant, who had remained in the doorway of the bedroom masturbating, then screamed at the children for not having sex, got dressed, and left the room.

The judge did not abuse his discretion in concluding that this evidence was relevant and that its probative value outweighed its prejudicial impact. See *Commonwealth* v. *Delong*, 60 Mass. App. Ct. 528, 534 (2004). The evidence demonstrated the defendant's willingness to use the victim for his own voyeuristic sexual gratification and his expressed anger when his plan went awry. The evidence complained of was not remote in time, but occurred during the period of abuse charged. It was highly probative of a pattern of sexualized conduct with the victim and demonstrative of the defendant's desire for her and control over her in sexual matters. See *Commonwealth* v. *Hanlon*, 44 Mass. App. Ct. 810, 817 (1998) (event useful to show pattern of conduct, which may explain defendant's intent, corroborate victim's testimony, or counter defendant's denial). The trial judge gave careful contemporaneous and posttrial limiting instructions that such evidence could be used solely to show "a pattern of conduct or a scheme" and not as proof that the defendant committed the crime charged. There was no error or

---

[7]We recognize that what the defendant ultimately seeks is discretionary appellate review of the grand jury issue before the Supreme Judicial Court.

abuse of discretion. See *Commonwealth* v. *Delong*, 60 Mass. App. Ct. at 536.

*Judgment affirmed.*