IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 7, 2009

## STATE OF TENNESSEE v. JOEY DEWAYNE THOMPSON

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 73384     Ray L. Jenkins, Judge**

**No. E2006-02093-SC-R11-CD - Filed May 6, 2009**

WILLIAM C. KOCH, JR., J.,concurring.

I concur with the Court's decision to affirm Mr. Thompson's conviction and sentence for voluntary manslaughter and to reverse his conviction for second degree murder. I write separately to emphasize my conclusion that it is the doctrine of direct estoppel, not the doctrine of collateral estoppel, that prevents the State from proceeding against Mr. Thompson on the felony murder charge.

The difference between the doctrine of direct estoppel and the doctrine of collateral estoppel is more than semantic. The doctrine of direct estoppel "prevents a party from relitigating a fact which was already determined against it in 'a decision that finally disposes of a part of a claim on the merits but does not preclude all further action on the remainder of the claim; issues common to both parts of the claim are precluded, even though new issues remain to be decided.'" *State v. Huskey*, 66 S.W.3d 905, 928 (Tenn. Crim. App. 2001) (quoting *United States v. Bailin*, 977 F.2d 270, 276 (7th Cir. 1992)). On the other hand, the doctrine of collateral estoppel prevents a party from relitigating in a subsequent action issues that were actually raised and determined in an earlier action. *State v. Scarbrough*, 181 S.W.3d 650, 654-55 (Tenn. 2005).

Both the doctrine of direct estoppel and the doctrine of collateral estoppel can be applied in criminal proceedings. Ascertaining which doctrine should be applied depends on the facts. When separate proceedings are involved, as they were in *Ashe v. Swenson*, 397 U.S. 436 (1970) and *State v. Vickers*, 985 S.W.2d 1 (Tenn. Crim. App. 1997), applying the doctrine of collateral estoppel is proper. However, in cases like this one which involve a retrial, the doctrine of collateral estoppel should not be applied for the simple reason that a retrial cannot be "collateral" because it is a continuation of the first trial. In the context of a retrial, the doctrine of direct estoppel more appropriately characterizes the estoppel principles that should be brought to bear. *United States v. Shenberg*, 89 F.3d 1461, 1478 (11th Cir. 1996); *United States v. Bailin*, 977 F.2d at 276-77; *Commonwealth v. Williams*, 725 N.E.2d 217, 220 n.4 (Mass. 2000) (citing Restatement (Second) of Judgments § 17 cmt. c, at 149-50); *see also* Peter J. Henning, *Precedents in a Vacuum: The Supreme*

*Court Continues to Tinker with Double Jeopardy*, 31 Am. Crim. L. Rev. 1, 13 n.66 (1993); James P. Fleissner, *Constitutional Criminal Procedure*, 48 Mercer L. Rev. 1485, 1507 (1997).

The law delights in accuracy and precision. The fact that a number of United States Courts of Appeals have blurred the distinction between the doctrine of direct estoppel and the doctrine of collateral estoppel in criminal cases provides little justification for us to ignore our own decisions that have recognized and preserved this distinction. Accordingly, I would hold that the doctrine of direct estoppel prevents the State from retrying Mr. Thompson on the felony murder charge because he was acquitted of the predicate offense in the first trial.

_____
WILLIAM C. KOCH, JR., JUSTICE