Following his conviction of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M(a ), for which he was sentenced to a term of incarceration in the house of correction, the defendant's application for direct appellate review was allowed.[2] In affirming the judgment, the Supreme Judicial Court determined that the evidence at trial, including the evidence presented by the Commonwealth and the evidence that was brought out during the defendant's case, was sufficient to permit the jury to find beyond a reasonable doubt that the defendant and the victim were in a "substantive dating relationship," as required by § 13M(a ). Commonwealth v. Dustin, 476 Mass. 1003, 1005 (2016). Following the issuance of the rescript in the District Court, the defendant filed a motion for a relief under Mass.R.Crim.P. 29, 378 Mass. 899 (1979), and Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001). The trial judge conducted a hearing and denied the defendant's motion. The present appeal is from the order denying the defendant's motion.
Discussion. The defendant's motion for postconviction relief is based on the claim that at the close of the Commonwealth's case at trial, the evidence was not sufficient to permit the jury to find beyond a reasonable doubt that he and the victim were in a substantive dating relationship, as required by § 13M(a ). This issue was not addressed by the Supreme Judicial Court because at trial, the defendant's counsel did not raise sufficiency of the evidence until after the Commonwealth rested and the defendant called his first witness. The court explained that "[u]nless a defendant moves for a required finding after the Commonwealth rests its case and before he begins his own," the sufficiency of the evidence is determined with reference to all the evidence in the case, including whatever evidence is brought out during the defendant's case. Dustin, 476 Mass. at 1003 n.3.
The defendant first argues that he is entitled to review of the sufficiency of the evidence at the close of the Commonwealth's case because at trial the judge permitted defense counsel to file a motion for a required finding nunc pro tunc to the close of the Commonwealth's case. While in her decision denying the defendant's postconviction motion the judge indicated that she had made this ruling at trial, the decision by the Supreme Judicial Court on the defendant's direct appeal that there was no timely motion for a required finding of not guilty at the close of the Commonwealth's case is the law of the case. See Commonwealth v. Clayton (No. 1), 63 Mass. App. Ct. 608, 611-612 (2005).
The defendant argues in the alternative that his attorney was ineffective for not filing a timely motion for a required finding of not guilty at the close of the Commonwealth's case. We agree with the Commonwealth that in a case such as this, an ineffective assistance of counsel claim is subject to the substantial risk of a miscarriage of justice standard. See Commonwealth v. Randolph, 438 Mass. 290, 296 (2002). And when the ineffectiveness claim is that defense counsel did not file a timely motion for a required finding of not guilty at the close of the Commonwealth's case, we assess that claim based on consideration of all the evidence in the case. Commonwealth v. Crimmins, 46 Mass. App. Ct. 489, 492 n.5 (1999). Because on the defendant's direct appeal the Supreme Judicial Court concluded that the evidence at trial was sufficient to permit the jury to find that the victim and the defendant were involved in a substantive dating relationship on the day of the offense, the defendant's ineffectiveness claim must fail.
Order denying motion for postconviction relief affirmed.

The defendant did not appeal the judgment on his conviction of operating a motor vehicle recklessly or negligently so as to endanger the public, in violation of G. L. c. 90, § 24.