The defendant appeals from the denial of his second motion for new trial. He claims that (1) the admission of certain testimony from a criminalist created a substantial risk of a miscarriage of justice, and (2) his appellate counsel was ineffective for failing to raise the first issue on direct appeal. We affirm.
Discussion. We review a motion for new trial, filed pursuant to Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001), for abuse of discretion. See Commonwealth v. Acevedo, 446 Mass. 435, 441-442 (2006). "Reversal for abuse of discretion is particularly rare where[,] [as here,] the judge acting on the motion was also the trial judge." Ibid., quoting from Commonwealth v. Lucien, 440 Mass. 658, 670 (2004).
1. Criminalist's testimony. The defendant argues that the trial judge erroneously allowed inadmissible testimony from Boston police department criminalist Christine Stevens regarding her reexamination of a vaginal smear slide prepared from swabs taken from the victim. The defendant contends that this testimony was inadmissible on two grounds: (1) Stevens could not account for the chain of custody of that slide; and (2) Stevens's testimony regarding the original testing done by a different criminalist was hearsay.
With respect to the hearsay claim, we agree with the Commonwealth that the defendant did, in fact, raise this claim on direct appeal in a supplemental brief he was permitted to file, in addition to the brief filed by his appellate counsel. Further, this court did pass upon that claim and found it to have no merit. Therefore, the defendant is precluded from raising the same claim again. See Commonwealth v. Williams, 431 Mass. 71, 74 (2000).
With respect to the chain of custody claim, we agree with the motion judge that the defendant did not raise it in his direct appeal or in his first motion for new trial and has therefore waived it. See Mass.R.Crim.P. 30(c)(2). Waiver, however, does not mean that the issue is precluded, but rather that the claims are reviewed for a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 293-294 (2002). An analysis under the substantial risk standard begins with a determination as to whether or not there was an error. See id. at 298.
The defendant alleges that there was no evidence linking the slide that was examined by Stevens to the swabs taken from the victim. The record,[2] however, shows that in 2001 a sexual assault kit was performed on the victim at the hospital and, as part of that kit examination, two vaginal smear slides were prepared. The kit was transported from the hospital to the Boston police crime laboratory. The front of the kit included the details of the collection from the victim and the kit number The slides were examined by criminalist Susan Flaherty under the supervision of Stevens. Four years later, Stevens received the same kit from storage, broke the seal on it, and removed one of the vaginal smear slides, which bore the case number. This was sufficient to establish a chain of custody for the vaginal smear slide. See Irwin v. Ware, 392 Mass. 745, 750-751 (1984) (there must be some specific evidence linking biological sample to relevant individual to establish proper chain of custody).
To the extent the defendant alleges that Stevens failed to make entries on a tracking sheet regarding the movement of the vaginal smear slide once it was in her custody, any "[a]lleged defects in the chain of custody usually go to the weight of the evidence and not its admissibility." Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 230 (1992). See Mass. G. Evid. § 402 (2018). Because there was no error, it follows that there could be no substantial risk of a miscarriage of justice.
2. Ineffective assistance of appellate counsel. The defendant claims his appellate counsel was ineffective in failing to raise the chain of custody and hearsay issues with respect to Stevens's testimony. The defendant's burden is the same as in a claim for ineffective assistance of trial counsel. See Breese v. Commonwealth, 415 Mass. 249, 252 (1993). He must show that "there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid., quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
As there was no substantial risk of a miscarriage of justice arising out of the criminalist's testimony, it follows that the defendant's argument that appellate counsel was ineffective for failing to raise the issue, fails. See Randolph, 438 Mass. at 296 ("[W]hen a defendant alleges that his failure to preserve an issue for appeal stems from ineffective assistance of counsel[,] ... ineffectiveness is presumed if the attorney's omission created a substantial risk, and disregarded if it did not").
Order denying second motion for new trial affirmed.

The Commonwealth asks that we take judicial notice of the trial transcripts that were submitted to this court when the defendant filed his direct appeal. The defendant makes no objection to the Commonwealth's request and, in fact, relies on those transcripts to support his own briefs. We therefore take judicial notice of those transcripts. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002) ("[A] judge may take judicial notice of the court's records in a related action"); Mass. G. Evid. § 201 (2018).