NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1176

COMMONWEALTH

vs.

MICHAEL ROBICHEAU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In a consolidated appeal, the defendant, Michael Robicheau, appeals from his conviction of assault and battery (G. L. c. 265, § 13A [a]) after a jury trial, and he appeals the denial of his motion for additional sentence credit.  The jury acquitted him on charges of unarmed robbery and strangulation or suffocation.  As to his conviction, the defendant challenges the sufficiency of evidence as well as the denial of a requested jury instruction.  We affirm his conviction and deem the sentence credit claim moot.

Sufficiency of evidence.  The defendant claims that the evidence at trial was insufficient because it substantially varied from the evidence presented to the grand jury.

Specifically, he contends that the grand jury indicted him based on testimony of a police detective that the defendant robbed the victim and "pushed" her as she chased him into the woods; however, at trial the victim testified that the defendant "kicked" her during that robbery and had no physical contact as she chased him into the woods. Reasoning that the assault and battery on which he was convicted was not the same assault and battery underlying the indictment, the defendant argues that the judge should have granted his motion for a required finding of not guilty. We disagree.

"In reviewing the denial of motions for directed verdicts in criminal cases, we have frequently said that we must consider and determine whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . permit the jury to infer the existence of the essential elements of the crime charged" (quotation and citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The evidence here met that standard. The victim testified that the defendant grabbed a chain around her neck, pulled her to the ground, "kicked" her, and dragged her by the arm. She then chased the defendant into the woods and lost sight of him without any further physical contact. The victim's testimony about being kicked made assault and battery "an option for the jury if it believed that the

2

defendant kicked the victim," Commonwealth v. Mills, 54 Mass. App. Ct. 552, 554 (2002), and was sufficient under Latimore, supra.

The defendant's argument relies heavily on the proposition that "[c]rimes must be 'proved as charged,' so as to 'protect[ ] the grand jury's role in the criminal process and ensure[ ] that the defendant has proper notice of the charges against him.'" Commonwealth v. Garcia, 95 Mass. App. Ct. 1, 4 (2019), quoting Commonwealth v. Hobbs, 385 Mass. 863, 869 (1982). The Garcia case is readily distinguishable. In that case, the indictment alleged the defendant had "sexual intercourse" with a child, but, at trial, the evidence, jury instructions, and the verdict slip all concerned "unnatural" sexual intercourse, an allegation not identified in the indictment. Id. at 5-6. This court reversed the conviction because the Commonwealth had constructively amended the indictment and created "a substantial risk that the defendant was convicted of a crime for which he was not indicted by a grand jury.'" Garcia, supra at 6, quoting Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995).

Unlike the situation in Garcia, the jury in this case returned a verdict that was consistent with the indictment and the evidence. Using the statutory form, G. L. c. 277, § 79, the indictment here charged that the defendant "did assault and beat" the victim, in violation of G. L. c. 265, § 13A. Neither

3

the jury instructions nor the verdict slip limited jurors from considering evidence of the kick as the charged assault and battery. Also, the precise means by which the defendant committed the crime was not alleged in the indictment, and need not be, see G. L. c. 277, § 21, and it was not requested in a bill of particulars. It is not surprising that evidence presented to a grand jury differed from evidence presented at trial, especially in a case where a police officer testified before the grand jury as a summary witness while the victim testified at the trial as a percipient witness. Such differences in the presentation of evidence do not require a finding of not guilty. See, e.g., Commonwealth v. Clayton, 63 Mass. App. Ct. 608, 612 (2005) ("We have never required that there be an exact match between the evidence presented at trial and that presented to the grand jury"). Accordingly, the judge properly denied the motion for a required finding as well as a motion to set aside the verdict. See Commonwealth v. Coleman, 434 Mass. 165, 170 (2001).

Denial of requested jury instruction. Without any citation to authority, the defendant filed a requested jury instruction that "the 'kick' cannot be the basis for the 'Assault and Battery' indictment." The judge properly rejected the requested instruction as there is no lawful basis for it. See Commonwealth v. Brown, 481 Mass. 77, 86 (2018) (at a minimum a

4

requested instruction must be "substantially correct" to be given [quotation and citation omitted]); Mills, 54 Mass. App. Ct. at 554.

Sentence credit. Finally, the defendant contends that the motion judge erred in denying his motion for sentence credit and his motion to reconsider that decision. On March 30, 2022, the trial judge sentenced the defendant to fifteen months in the house of correction with credit for 196 days served. On June 14, 2022, the judge denied a motion for additional credit. The Commonwealth concedes that the order denying the defendant's motion for jail credit of 140 days should be reversed. Given the passage of more than twenty-four months since sentencing, the defendant is no longer in custody and is not subject to any supervision on that sentence.

Because the defendant has been released from custody and "no longer has a personal stake in the outcome of this litigation," this claim is now moot.  <u>Delaney</u> v. <u>Commonwealth</u>, 415 Mass. 490, 492 (1993).  <u>Smith</u> v. <u>Commonwealth</u>, 450 Mass. 1015, 1016 (2007).

<u>Judgment affirmed</u>.

<u>The appeal from the orders dated June 13, 2022, and August 1, 2022, is dismissed as moot</u>.

By the Court (Henry, D'Angelo & Hodgens, JJ.[1]),

Assistant Clerk

Entered:  June 11, 2024.

---

[1] The panelists are listed in order of seniority.