## COMMONWEALTH *vs.* VICTORIA RODRIGUEZ.

Hampden. December 6, 2004. - March 22, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN & CORDY, JJ.

*Practice, Criminal,* Collateral estoppel, Postconviction relief, New trial. *Collateral Estoppel. Controlled Substances.*

In an appeal from an order granting a new trial to a criminal defendant, this court concluded that the Commonwealth did not waive the defense of issue preclusion, where the Commonwealth referred to such principles, even if not precisely identified as such, in its opposition to the defendant's motion for postconviction relief under Mass. R. Crim. P. 30 (b). [708-709]

This court concluded that a Superior Court judge properly considered a criminal defendant's postconviction motion seeking a new hearing on a motion to suppress evidence as a motion for a new trial. [709]

Principles of direct estoppel operated as a bar to a criminal defendant's attempt in her motion for postconviction relief under Mass. R. Crim. P. 30 (b) to relitigate issues already actually litigated via a motion to suppress, where the determination of the issues raised in that motion was essential to her conviction, where she had an opportunity to obtain review of the determination of her motion to suppress, and where she raised no new factual or legal issue in her rule 30 (b) motion. [709-712]

INDICTMENT found and returned in the Superior Court Department on January 2, 1991.

A motion for postconviction relief, filed on April 22, 2003, was heard by *Judd J. Carhart*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.

*Benjamin H. Keehn*, Committee for Public Counsel Services, for the defendant.

SPINA, J. The defendant was convicted in 1991 of trafficking in 200 grams or more of cocaine. G. L. c. 94C, § 32E (*b*) (4). Her conviction was affirmed. See *Commonwealth* v. *Rodriguez*, 415 Mass. 447 (1993). Based on a reference to her case in

*Commonwealth* v. *Jimenez*, 438 Mass. 213 (2002),[1] the defendant filed a motion for postconviction relief under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), in which she alleged that we "disapproved" the court's 1993 decision affirming her conviction and the denial of her motion to suppress, and that we "acknowledge[d] that the [c]ourt made a serious error" in deciding her direct appeal. She argued that in the circumstances justice and fundamental fairness require that she be granted a new hearing on her motion to suppress physical evidence seized pursuant to a "no-knock" warrant. A judge in the Superior Court agreed, allowed her motion, and ordered a new trial. The Commonwealth appeals from the order granting a new trial, arguing primarily that the defendant's motion is barred by principles of collateral estoppel, or issue preclusion. We reverse.

1. *Procedural issues.* The defendant argues that the Commonwealth has waived the defense of issue preclusion because it was not raised until the Commonwealth filed a motion to reconsider the allowance of the defendant's motion for postconviction relief. An issue first raised in a motion for reconsideration may be preserved for appellate review, see *Commonwealth* v. *Casey (No. 1)*, 442 Mass. 1, 2 (2004), provided the motion for reconsideration is filed within the period allotted for taking

---

[1] In *Commonwealth* v. *Jimenez*, 438 Mass. 213, 220 n.5 (2002), we said:

> "In *Commonwealth* v. *Rodriguez*, 415 Mass. 447, 448-451 (1993), we upheld a no-knock entry on grounds of likely destruction of evidence and danger to the officers conducting the search even though there was no specific information that weapons might be present. This decision was issued before *Richards* v. *Wisconsin*, 520 U.S. 385 (1997). To the extent that the *Rodriguez* decision might be read to hold that an affidavit merely stating that in the affiant's experience handguns are 'a danger to law enforcement agents during drug related searches,' without specific information regarding the search to be undertaken, is an adequate basis for waiver of the knock and announce rule, *id.* at 451, it is a reading that is no longer apt in light of *Richards* v. *Wisconsin*, *supra*. This is not to say that an affidavit specifically detailing police experience in dealing with drug dealers associated with a particular criminal enterprise or in a particular community (of which the suspects might be a part) would not suffice, but such an affidavit would need more than the general averments contained here."

an appeal. See *Commonwealth* v. *Cronk*, 396 Mass. 194, 197 (1985). The Commonwealth timely filed its motion for reconsideration, but it did not file a notice of appeal from the denial of its motion. In the circumstances, the denial of the Commonwealth's motion for reconsideration is not before us. We look, therefore, to the Commonwealth's original opposition to the defendant's rule 30 (b) motion.

Although the Commonwealth did not use the term "issue preclusion" in its original opposition to the defendant's motion for postconviction relief, it did assert in its opposition that "the issues raised in [the defendant's rule 30 (b)] motion have been decided against her on direct appeal." There can be no doubt that the Commonwealth was referring there to principles of issue preclusion, even if the Commonwealth did not precisely identify it as such. We are satisfied that the question has been preserved for appellate review.

The Commonwealth argues that rule 30 (b) is not the appropriate mechanism for seeking review of a pretrial motion previously decided in the trial court and affirmed on appeal, especially where the defendant had only requested a rehearing on her motion to suppress. We disagree. "Rule 30 was adopted in 1979 as the exclusive vehicle for postconviction relief." *Leaster* v. *Commonwealth*, 385 Mass. 547, 549 (1982). A motion for a new trial under rule 30 (b) may include a request to reconsider a ruling on a motion to suppress evidence. See *Commonwealth* v. *Ellis*, 432 Mass. 746, 764 (2000); *Commonwealth* v. *Cacicio*, 31 Mass. App. Ct. 943, 945 (1991). A postconviction motion seeking a new hearing on a motion to suppress evidence will be treated as a motion for a new trial. See *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 716 (1997) (postconviction motion to withdraw guilty plea is treated as motion for new trial). The judge properly considered the defendant's motion as a motion for a new trial.

2. *Issue preclusion.* The Commonwealth argues that the defendant is estopped, under the doctrine of collateral estoppel, or issue preclusion, from relitigating her motion to suppress in her rule 30 (b) motion. Where, as here, the issue actually litigated arises from the same indictment, the principle of issue preclusion is more appropriately referred to as direct estoppel.

Collateral estoppel usually involves the application of issue preclusion in a subsequent action of a different claim between the same parties. See *Commonwealth* v. *Williams*, 431 Mass. 71, 74 n.4 (2000), citing Restatement (Second) of Judgments § 17 comment c, at 149-150 (1982).

For direct estoppel to apply, the Commonwealth must show that the issues raised in the defendant's rule 30 (b) motion were actually litigated and determined on the defendant's original motion to suppress, that such determination was essential to the defendant's conviction, and that the defendant had an opportunity to obtain review of the determination of her motion to suppress. See *Commonwealth* v. *Williams, supra* at 74; *Cousineau* v. *Laramee*, 388 Mass. 859, 863 n.4 (1983) ("Under the doctrine of issue preclusion, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim.' Restatement (Second) of Judgments § 27 [1982]"). Compare *Commonwealth* v. *Ringuette*, 60 Mass. App. Ct. 351, 357, *S.C.*, 443 Mass. 1003 (2004), citing *United States* v. *Levasseur*, 699 F. Supp. 965, 981 (D. Mass.), rev'd on other grounds, 846 F.2d 786 (1st Cir.), cert. denied, 488 U.S. 894 (1988) (similar analysis under collateral estoppel).

The requirements of direct estoppel have been met here. The defendant has consistently taken the position that "[t]he facts and the law are literally the same" today as they were in 1993, when her direct appeal was decided, and that the case of *Commonwealth* v. *Scalise*, 387 Mass. 413 (1982), remains the controlling law in the area of no-knock warrants, as it was in 1993. See *Commonwealth* v. *Jimenez*, 438 Mass. 213, 216-217 (2002); *Commonwealth* v. *Rodriguez*, 415 Mass. 447, 450-451 (1993). The validity of the no-knock warrant, which was raised in the defendant's motion to suppress, was also addressed in the defendant's direct appeal. It was an essential issue in her case. *Id.* at 448-451.

The defendant raises no new factual or legal issue in her rule 30 (b) motion. She simply seeks to relitigate her motion to suppress based on her assertion that her direct appeal was decided

wrongly. We conclude that principles of direct estoppel operate as a bar to the defendant's attempt in her rule 30 (b) motion to relitigate issues in her motion to suppress.

The defendant contends that because we acknowledged in *Commonwealth* v. *Jimenez, supra,* that *Commonwealth* v. *Rodriguez, supra,* was decided wrongly, "it would be fundamentally unfair to procedurally bar [her] from collaterally attacking the validity of her conviction." Rule 30 (b), she argues, is intended to remedy a miscarriage of justice that the court has acknowledged. See *Commonwealth* v. *Azar,* 435 Mass. 675, 690 (2002) (postconviction relief should be granted under rule 30 [b] when "it appears that justice may not have been done").

Assuming, without deciding, that rule 30 (b) contemplates relief in the highly unusual circumstances asserted by the defendant, the flaw in her argument is that we did not, in *Commonwealth* v. *Jimenez, supra,* say or imply that *Commonwealth* v. *Rodriguez, supra,* had been decided wrongly. Our reference to the *Rodriguez* case was limited to the safety aspect described in the affidavit in support of the application for the no-knock warrant. We did not address the aspect of the affidavit in support of the application for the no-knock warrant that spoke of the destruction of contraband. In addition, we did not address the circumstances that existed at the time of the execution of the warrant that justified the entry without knocking and announcing.

This court concluded in the *Rodriguez* case that the affidavit "provided probable cause to believe that the object of the search, the contraband, would be destroyed" unless a no-knock warrant issued. *Commonwealth* v. *Rodriguez, supra* at 450, citing *Commonwealth* v. *Scalise, supra* at 421. To support this conclusion, we quoted the affidavit that accompanied the application for the no-knock warrant: "[T]he faces of narcotics officers are well known to drug dealers in the area who could warn of our arrival and result in the destruction of evidence or the escape of suspects before we are able to secure them." *Commonwealth* v. *Rodriguez, supra* at 449 n.1.

The court also concluded in the *Rodriguez* case that the no-knock entry was justified by circumstances that existed at the time of execution of the warrant. *Id.* at 450-451, citing *Com-*

*monwealth* v. *Scalise, supra.* The judge who considered the defendant's motion to suppress here found that while one officer was at the home of the clerk-magistrate applying for the warrant, other officers were conducting surveillance and saw "the occupant of the apartment to be searched [repeatedly] coming to the picture window fronting on Main Street, parting the curtains and looking up and down the street." He further found that after the warrant had issued, the occupant "was again at the front window and acting nervous." The search occurred within fifteen minutes of the time the warrant issued. The judge also found that "the nature of the neighborhood where the apartment was located was unchanged and the raid was being conducted in the early evening. The possibility of warning, escape and destruction of contraband were unchanged" from what had been communicated to the clerk magistrate fifteen minutes earlier. Thus, neighborhood familiarity with the narcotics officers and the look-out activity of the occupant of the apartment at about the time the warrant was actually executed justified entry without knocking and announcing.

For the foregoing reasons, the order granting the defendant a new trial is vacated and the case is remanded to the Superior Court for entry of an order denying the defendant's motion for postconviction relief.

*So ordered.*

SOSMAN, J. (concurring). For the reasons stated in my dissent in *Commonwealth* v. *Jimenez*, 438 Mass. 213, 222-237 (2002) (Sosman, J., dissenting), I believe that the present case was correctly decided on the grounds originally stated. *Commonwealth* v. *Rodriguez*, 415 Mass. 447, 451 (1993). Specifically, the officer's experience that "handguns were a danger to law enforcement agents during drug-related searches," coupled with the fact that the defendant "dealt in large quantities of cocaine and was 'fronting' cocaine to be sold on the street," sufficed — by itself — to justify the inclusion of a no-knock provision in the warrant. *Id.* To the extent that this court criticized that justification in its later decision in *Commonwealth* v. *Jimenez*,

*supra* at 220 n.5, on the theory that it had been undermined by *Richards* v. *Wisconsin*, 520 U.S. 385 (1997), the criticism was unwarranted. See *Commonwealth* v. *Jimenez, supra* at 233-235 (Sosman, J., dissenting). While I agree that additional details supplied in the warrant application in this case, referenced in a footnote (*Commonwealth* v. *Rodriguez, supra* at 449 n.1), would also support the issuance of a warrant with a no-knock provision, the grounds set forth in the text of the court's earlier opinion were sound and do not need to be bolstered. It is the erroneous analysis in *Commonwealth* v. *Jimenez, supra* at 218-220, that has, unfortunately, made it necessary for the court to resort to the alternative grounds set forth in today's opinion.