On this second appeal after he pleaded guilty to armed assault with intent to murder, assault and battery by means of a dangerous weapon, assault by means of a dangerous weapon, and mayhem, the defendant, Joseph Hugal, raises several challenges to the denial of his motion to correct his sentence of lifetime probation. The defendant alleges that the period of lifetime probation to which he was sentenced on the latter three of the convictions exceeds the statutory maximum sentence for these convictions and, thus, is statutorily and constitutionally impermissible. Concluding that the defendant is estopped from relitigating these claims, we affirm.
Background. On March 29, 1999, the defendant pleaded guilty to the crimes listed supra. The judge sentenced the defendant to seven to nine years' incarceration on the assault with intent to murder conviction, and to a period of lifetime probation on each of the remaining convictions.
In 2006, at the request of the defendant, the defendant's probation was transferred to Florida and, as part of the transfer, Florida imposed additional conditions. In the ensuing years, the defendant filed various motions requesting termination of his probation, and all were denied. The last of these motions was filed on November 14, 2014; on March 6, 2015, a judge of the Superior Court denied the motion and the defendant appealed here. In an unpublished memorandum and order pursuant to our rule 1:28, dated January 26, 2016, a different panel of this court affirmed. Commonwealth v. Hugal, 89 Mass. App. Ct. 1102 (2016) (Hugal I ). The panel disagreed specifically with the defendant's challenges under Massachusetts law and the United States Constitution to the defendant's lifetime probationary sentence. The defendant filed for further appellate review and that request was denied. 475 Mass. 1105 (2016).
Shortly thereafter, on October 13, 2016, the defendant filed yet another motion to correct an illegal sentence, and in December of 2016, the same judge denied the motion, finding that the motion raised no substantive issues that were not addressed in the March 6, 2015, order, and the Appeals Court decision affirming that order. The defendant now appeals and, upon review, we conclude, as the judge did below, that the defendant raises no new issues requiring review.
Discussion. In the criminal context, direct estoppel applies when (1) a defendant has litigated an issue in his case; (2) the issue was determined; (3) resolution of the issue was essential to a valid final conviction; and (4) the defendant raises the same issue. Commonwealth v. Rodriguez, 443 Mass. 707, 709-710 (2005). Those factors are met here.
In this appeal, the defendant raises, as he did before, various statutory and constitutional challenges to his sentence of lifetime probation. For example, the defendant claims that G. L. c. 276, § 87, is unconstitutionally vague and, in Hugal I, the panel disposed of an identical claim, stating, among other things, "the statute itself and the specific conditions of the defendant's probation are comprehensible such that 'men of common intelligence will know [their] meaning.' " Furthermore, the defendant asserts a challenge to his sentence on the basis of ineffective assistance of counsel. The panel in Hugal I disposed of that very claim, holding that "[n]either a motion to terminate probation nor this appeal is the proper forum to raise and litigate such claims."
The panel in Hugal I also previously disposed of the myriad of the defendant's other challenges to his sentence, noting specifically that the panel had "carefully considered each of the arguments presented in the defendant's brief. To the extent that [the panel has] not specifically addressed any particular claim, we consider it without merit." Accordingly, because the issues the defendant presents in his motion to correct illegal sentence were previously litigated, determined, resolved, and finalized with the denial of the defendant's application for further appellate review in Hugal I, the defendant is estopped from raising them anew. See Jarosz v. Palmer, 436 Mass. 526, 531-535 (2002). The judge properly denied the defendant's motion, and we discern no error.
Order denying motion to correct illegal sentence affirmed.