The defendant, Riguillen Mejia, was convicted in 2011, after a trial by jury, of trafficking in 200 grams or more of cocaine in violation of G. L. c. 94C, § 32E(b )(4). In 2013, this court affirmed the conviction on direct appeal. See Commonwealth v. Mejia, 84 Mass. App. Ct. 1120 (2013) (memorandum and order pursuant to our rule 1:28). The defendant subsequently moved for a new trial, arguing that he was denied the effective assistance of counsel at trial and on direct appeal. The defendant's motion was denied, and the defendant, pro se, now appeals the order. We affirm.
Background. In 2009, a Lunenburg police detective observed part of a black plastic bag protruding from a snow bank on the side of a road near "double" telephone poles in a rural, wooded area of Lunenburg. Inside the bag, the detective found three packages containing what was later confirmed to be cocaine.[2]
The detective, with the assistance of officers from the North Worcester County Drug Task Force, returned the bag, containing only one of the packages of cocaine, back to the existing hole in the snow bank so that no part of the bag was sticking out. The officers then surveilled the area and hours later observed a person, later identified as the defendant, stop his vehicle, approach the snow bank, reach down into the hole, and remove the covered plastic bag. When the officers attempted to approach the defendant, he placed the bag back into the snow bank, returned to his vehicle, and left the area. The officers pursued the defendant's vehicle, pulled him over, and placed him under arrest.
A Superior Court jury found the defendant guilty of trafficking in 200 grams or more of cocaine. The defendant, pro se, subsequently filed a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), arguing that he was denied effective assistance of counsel.[3] The motion judge, who was also the trial judge, denied the motion without a hearing. The defendant appealed.
On appeal, the defendant argues that he should be granted a new trial because trial counsel rendered ineffective assistance by (1) failing to object to the prosecutor's closing arguments, (2) failing to investigate and establish an entrapment defense, and (3) failing to ensure the defendant's presence at three pretrial conferences. The defendant's motion also asserts that appellate counsel rendered ineffective assistance of counsel on direct appeal because she "should have put forth the trial errors such as [trial] counsel's failure to present the affirmative defense of entrapment."
Discussion. We review the denial of a motion for a new trial "only to determine whether there has been a significant error of law or ... abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Where, as here, the motion judge denies a motion for new trial without conducting an evidentiary hearing, we assess "whether the motion or affidavits have raised 'a substantial issue' that would require an evidentiary hearing." Commonwealth v. DeVincent, 421 Mass. 64, 67 (1995). A defendant complaining of ineffective assistance must establish (1) "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-" and (2) the resulting deprivation of "an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Here, we conclude that the defendant's motion, accompanying affidavit, and supplemental memorandum failed to raise any substantial issue that necessitates an evidentiary hearing, and the judge properly denied the motion for new trial.
1. Prosecutor's closing arguments. The defendant claims that his trial counsel was ineffective, in part, because he failed to object to the prosecutor's closing argument that allegedly "shifted the burden of proof to the defendant." This same argument had been presented by the defendant on direct appeal and was rejected by this court. Because the defendant has not raised any new argument regarding this claim, further review is barred based on the doctrine of direct estoppel. See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005).
2. Entrapment defense. The defendant contends that he was entitled to an entrapment defense because the officers placed the bag containing cocaine back in the snow bank and because he lacked the predisposition to commit the underlying offense. We disagree.
The doctrine of entrapment is grounded in the view that although "[i]t is socially desirable for criminals to be apprehended and brought to justice and there is nothing whatever wrong or out of place in setting traps to catch those bent on crime[,]" it is not acceptable for the police, "who are charged with the duty of enforcing the law, [to] instigate crime by implanting criminal ideas in innocent minds and thereby bringing about offenses that otherwise would never have been perpetrated." Commonwealth v. Harvard, 356 Mass. 452, 459 (1969) (citation omitted). A defendant, therefore, must show more than "[m]ere solicitation" by police in order to raise entrapment as a defense. See Commonwealth v. Shuman, 391 Mass. 345, 351 (1984).
An entrapment defense was not warranted here because the defendant's assertions do not suggest that the police had implanted criminal ideas into his otherwise innocent mind that evening. See Harvard, supra. Contrary to the defendant's argument, the decision by the officers to keep watch over the snow bank to see if someone would return did not constitute entrapment. See ibid; Shuman, supra. In addition, merely stating that he lacked the predisposition to commit the crime falls short of what is required to raise an entrapment defense. See Shuman, supra. We therefore conclude that the judge did not err in deciding that trial counsel's decision not to raise entrapment as a defense did not constitute ineffective assistance under Saferian. For the same reasons, the defendant's argument that his appellate counsel rendered ineffective assistance by not putting forth trial counsel's failure to raise an entrapment defense similarly fails.[4]
3. Absences from pretrial conferences. The defendant also argues that trial counsel rendered ineffective assistance and prejudiced his case because he was "not allowed to attend" three pretrial conferences. We reject this argument.
As a starting point, the defendant has not established that he was actually absent from those pretrial conferences.[5] Even if we were to assume that he was absent, the defendant was only required to be available to attend; his physical presence was not mandatory. See Mass.R.Crim.P. 11(a), as appearing in 442 Mass. 1509 (2004). See also Mass.R.Crim.P. 18(a)(3), 378 Mass. 888 (1979) ("A defendant need not be present ... at any proceeding where evidence is not to be taken"). We also note that the defendant was released on bail on July 28, 2009, prior to any of those pretrial conferences.
The defendant nonetheless argues that one of those alleged absences deprived him of the opportunity to object to the stipulation to admit the drug certificate as evidence. At the hearing on the motion for new trial, however, the defendant, represented by counsel, testified that he had "know[n] that there was an agreement that the drug certificate should become an exhibit" prior to trial. The defendant's right to "a fair and just hearing" was not "thwarted by his [alleged] absence" at those pretrial hearings. Commonwealth v. Burbank, 27 Mass. App. Ct. 97, 105 (1989).
Order denying motion for new trial affirmed.

At trial, the Commonwealth entered the three packages into evidence. The drug certificates indicated the packages weighed 276.96 grams, 27.95 grams, and 27.30 grams, respectively.

The certificate of service on the defendant's motion states that he mailed his motion to an assistant district attorney on December 10, 2014. However, the motion was not entered on the lower court docket until September 15, 2015.
Following the submission of his motion for new trial, the defendant obtained counsel who in April, 2016, filed a supplemental memorandum in support of the defendant's motion for new trial.

In a single sentence, the defendant also states that trial counsel rendered ineffective assistance because he failed to request jury instructions or offer evidence as to his state of mind the night of his arrest. However, the defendant fails to provide any supporting authorities or references to the record. Therefore, we need not address these issues. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Commonwealth v. Cook, 419 Mass. 192, 194 n.1, 207 n.12 (1994).

The defendant did not provide an affidavit from his trial counsel. The defendant alleges that he was absent from the pretrial conferences held on August 6, 2009, August 13, 2009, and March 31, 2011. In his own affidavit in support of his motion for new trial, the defendant states that he "was never notified" of the August 6, 2009, pretrial conference and that he was not "notified or present" for the March 31, 2011, pretrial conference (emphasis added). The affidavit is silent with respect to the August 13, 2009, pretrial conference.