The defendant appeals from a probation detention order and a probation violation finding, arguing that it was an abuse of discretion to hold him in custody for five days before the violation hearing and that the Commonwealth failed to prove by a preponderance of the evidence that he violated the terms of his probation.[2] We affirm.
The defendant argues that it was unfair to hold him in custody pending the probation violation hearing. Where a judge finds probable cause that a defendant has violated the terms of probation, "the court may order the probationer to be held in custody pending the conduct and completion of the violation hearing." Rule 5(c) of the District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Rules of Court, at 643 (Thomson Reuters 2017). In exercising his discretion to place a defendant in custody, a judge is to consider, at a minimum:
"i. the probationer's criminal record;
"ii. the nature of the offense for which the probationer is on probation;
"iii. the nature of the offense or offenses with which the probationer is newly charged, if any;
"iv. the nature of any other pending alleged probation violations;
"v. the likelihood of probationer's appearance at the probation violation hearing if not held in custody; and
"vi. the likelihood of incarceration if a violation is found following the probation violation hearing."
Ibid. We review to determine whether the judge abused his discretion in ordering that the defendant be held.
The evidence at the detention hearing established that on April 17, 2015, the defendant pleaded guilty to breaking and entering in the daytime with the intent to commit a felony, multiple counts of larceny from a building, and possession of burglarious tools.[3] The defendant was sentenced to two years in the house of correction, one year to serve, with the balance suspended for four years. He was also sentenced to probation to be served on and after the house of correction sentence until April 17, 2019. His conditions of probation included, among other things, that he be subject to GPS monitoring upon his release and that he "not leave Massachusetts unless [he] g[o]t the express permission of [his] probation officer and sign[ed] a waiver of rendition." In 2016, the defendant was found to have violated his probation by failing to satisfactorily complete his agreed-to Salvation Army program.[4] A few months later, the defendant was alleged to have violated his probation by leaving Massachusetts without permission and by falsely stating otherwise to the probation department's electronic monitoring (ELMO) office. He was also alleged to have violated the conditions of his GPS monitoring on three occasions. In these circumstances, the judge did not abuse his discretion in ordering that the defendant be detained pending the probation violation hearing.
We are also not persuaded by the defendant's argument that the evidence was insufficient to establish that he violated the terms of his probation. As noted above, the defendant was not permitted to leave the State without the express permission of his probation officer and signing a waiver of rendition. The defendant acknowledged leaving the State to go to Rhode Island. He also acknowledged that he did not sign a waiver of rendition. On this basis alone, the judge was permitted to find the defendant violated his probation.
Probation detention order and finding of probation violation affirmed.

Although the defendant at various points in his brief makes reference to two different probation violations, only the one based on the allegation that the defendant left Massachusetts without permission from his probation officer is properly before us. In a prior probation violation proceeding, the defendant was found to have violated his probation for failing to complete a Salvation Army program in which he had agreed to enroll. He did not appeal that determination, and accordingly, it is not open for review in this appeal. See Commonwealth v. Rodriguez, 443 Mass. 707, 709 (2005).

It was established at the plea hearing that the defendant, together with a codefendant, had broken into a home during the daytime and stolen various electronic and computer devices as well as jewelry.

His conditions of probation were then modified to require that he enroll in and complete a Level III community corrections program instead.