Following a jury trial in 1989, the defendant was convicted of aggravated rape, assault and battery, and aggravated burglary.[2] These charges were based on evidence that the defendant broke into an apartment and raped its occupant (the victim). In May of 2013, after numerous unsuccessful appeals, the defendant filed his latest motion for new trial, which was denied by a Superior Court judge.[3] The defendant challenges that denial, arguing that he was entitled to a new trial on multiple grounds: a police officer falsely testified before the grand jury, the Commonwealth failed to provide exculpatory evidence at trial, his trial counsel and appellate counsel were constitutionally ineffective, and the trial judge failed to provide the jury with instructions on fresh complaint testimony. Discerning no abuse of discretion or other error, we affirm.
As an initial matter, we note that some of the defendant's arguments were addressed by this court in our prior rulings, and the defendant is estopped from making them. See Dutcher, 32 Mass. App. Ct. 1108 (1992) (addressing the defendant's claim of ineffective assistance of trial counsel); Dutcher, 81 Mass. App. Ct. 1115 (2012) (noting, with respect to the alleged failure of the prosecution to turn over exculpatory evidence, that "[i]t remains unclear from the record whether the defendant received the results of any testing performed by the Commonwealth, including [deoxyribonucleic acid] testing"). See also Commonwealth v. Ellis, 475 Mass. 459, 475 (2016), quoting from Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005) ("[W]here a defendant 'raises no new factual or legal issue' in a motion [for new trial] and simply seeks to relitigate a motion that was previously denied by the motion judge and rejected on direct appeal, 'principles of direct estoppel operate as a bar to the defendant's attempt ... to relitigate issues' ").
Furthermore, to the extent that the issues the defendant now seeks to raise on appeal were not previously raised either at trial or in his multiple earlier motions and appeals, he has waived them. See Commonwealth v. Chase, 433 Mass. 293, 297 (2001) ("The defendant waived the issues he now raises [in his motion for new trial] by not presenting them in his direct appeal. A defendant generally may not raise any ground in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal.... It is neither unreasonable nor unduly burdensome to require a defendant to advance his contentions, even those with constitutional ramifications, at the first opportune time").
In any event, the defendant failed to demonstrate that the issues he now seeks to raise create a substantial risk of a miscarriage of justice. In particular, the alleged inconsistency between the detective's testimony to the grand jury and his testimony at trial did not create such a risk, because any seeming conflict in such testimony is easy to reconcile.[4] See Dutcher, 81 Mass. App. Ct. at 1115 (addressing issue of victim's and detective's testimony at trial). Likewise, the fact that the trial judge did not instruct the jury on the limits of fresh complaint testimony, did not create a substantial risk of a miscarriage of justice, because the victim's mother's testimony about the emotional reaction of her daughter immediately after the rape occurred was independently admissible as an excited utterance. Commonwealth v. Santiago, 437 Mass. 620, 623 (2002). Finally, there is no merit to the defendant's argument that the appellate counsel who handled his direct appeal was constitutionally ineffective for allegedly advising him that "anything not objected to at trial was not appealable." Putting aside that this particular claim is unsupported even by an affidavit from the defendant, it fails because the defendant has not demonstrated how this would have deprived him of "a substantial ground of defence."[5] Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). As to the other arguments raised by the defendant on appeal, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).
Under these circumstances, we discern no abuse of discretion and no reason to disturb the order denying the defendant's motion for new trial. See Commonwealth v. Weichell, 446 Mass. 785, 799 (2006) (denial of motion for new trial reviewed only for "a significant error of law or other abuse of discretion") (quotation omitted).
Order denying motion for new trial affirmed.

Prior to sentencing, the defendant was committed to the treatment center as a sexually dangerous person. Dutcher, 69 Mass. App. Ct. 1104 (2007).

The current appeal is the fifth one stemming from these convictions. See Commonwealth v. Dutcher, 32 Mass. App. Ct. 1108 (1992) ; Commonwealth v. Dutcher, 69 Mass. App. Ct. 1104 ; Commonwealth v. Dutcher, 81 Mass. App. Ct. 1115 (2012) ; Commonwealth v. Dutcher, 90 Mass. App. Ct. 1115 (2016) (memoranda and orders issued pursuant to our rule 1:28).

The detective testified before the grand jury that the victim did not pick out a photo of her assailant at the police station shortly after the crime. At trial, the detective acknowledged that the victim did state that a photo of a minor shown to her by the officer bore some resemblance to the defendant.

That is, the defendant has not shown that there was an issue not raised at trial but on which he could have prevailed had he raised it in his direct appeal.