In 1988, the defendant pleaded guilty to two counts of aggravated rape, G. L. c. 265, § 22(a ), and one count of kidnapping, G. L. c. 265, § 26, resulting from two separate incidents in separately docketed cases.[2] In 2000, the defendant filed a motion for a new trial on both dockets pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). The defendant's motions were denied. The defendant entered an appeal from those denials, but eventually moved to withdraw the appeal.[3] On June 5, 2001, the appeal was dismissed with prejudice. On December 27, 2016, the defendant filed a second motion for a new trial on both dockets pursuant to Mass.R.Crim.P.30(b). The defendant's second motion raised the same issues that were adjudicated adversely to him in his 2000 motion; the second motion was denied, and the defendant filed a notice of appeal on both dockets.[4] We affirm.
The claims raised by the defendant in his second motion for a new trial are precluded by direct estoppel. Direct estoppel bars the relitigation in a motion for a new trial of issues which were "actually litigated and determined on the defendant's original motion." Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005). In his 2000 motion, the defendant argued that he was constructively denied counsel by counsel's failure to file certain pretrial motions. Alternatively, the defendant argued that plea counsel provided ineffective assistance for failing to challenge the sufficiency of the evidence for one count of rape, for misunderstanding the rape-shield law, for unreasonably evaluating the risk of going to trial, and for allowing the imposition of an illegal sentence. These claims, which are identical to those raised in his second motion for a new trial, were fully and finally adjudicated, and the defendant had an opportunity at that time to obtain appellate review of the denial of that motion, which he elected not to pursue, after consultation with his then-counsel. The defendant's attempt to revive his claims is unavailing.[5]
Judgments affirmed.
Order denying motion for new trial affirmed.

The first incident occurred on June 14, 1987, and involved one victim. The second incident occurred on November 7, 1987, and involved two victims. The defendant was indicted on numerous charges related to both incidents. As a result of the plea agreement, the remaining charges were resolved either by the filing of guilty findings without imposition of a sentence, or by the Commonwealth's filing a nolle prosequi.

The defendant's motion to withdraw the appeal initially was denied without prejudice to renewal, accompanied by counsel's affidavit "that he [had] explained to his client the consequences of withdrawing his appeal." Thereafter, the defendant filed a renewed motion, accompanied by affidavits of both the defendant and his counsel.

The two appeals were consolidated in this court.

Even if the defendant's current claims were not barred, they are without merit. The defendant has failed to establish that better work by his plea counsel "might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).