On October 16, 2000, the defendant pleaded guilty to multiple offenses, including forcible rape of a child under the age of sixteen, aggravated kidnapping, and unlawful possession of a firearm. Approximately ten years later, he filed a motion for a new trial alleging ineffective assistance of counsel that was denied. We subsequently affirmed the order denying the motion in an unpublished decision pursuant to our rule 1:28. See Commonwealth v. Avilez, 82 Mass. App. Ct. 1104 (2012), cert. denied, 133 S. Ct. 999 (2013). Thereafter, the defendant filed a second motion for a new trial, in which he relied on the same arguments he advanced in support of his first motion for a new trial. That motion also was denied and the order denying the motion was affirmed in a second unpublished decision. See Commonwealth v. Avilez, 85 Mass. App. Ct. 1115 (2014), cert. denied, 135 S. Ct. 312 (2014).
On May 4, 2015, the defendant filed a third motion for a new trial. The motion was allowed with respect to one conviction, possession of a firearm, which the Commonwealth conceded was duplicative, and was denied with respect to the remaining convictions on the ground that the issues raised by the defendant had already been litigated and determined in his first and second motions for a new trial and, therefore, the doctrine of direct estoppel prevented the defendant from obtaining another determination of his claims. See Commonwealth v. Rodriguez, 443 Mass. 707, 709-710 (2005). The order denying the defendant's third motion for a new trial also was affirmed. See Commonwealth v. Avilez, 90 Mass. App. Ct. 1107 (2016).
The defendant filed a fourth motion for a new trial on August 15, 2017, in which he again sought to vacate his conviction of aggravated kidnapping on the ground that it is duplicative of his convictions of forcible rape of a child. The motion was summarily denied because the defendant had not submitted a supporting affidavit. See Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). The defendant then filed a motion for reconsideration, requesting findings of fact and rulings of law, which was denied by a judge of the Superior Court (motion judge), who was not the plea judge or the judge who ruled on the prior motions. The motion judge denied the motion in a margin endorsement as follows:
"DENIED. Setting aside the issue of an affidavit, on the merits, the undersigned is persuaded that the 'duplicative charge' claim has been fully litigated, and is otherwise baseless, since the kidnapping charge was not used to enhance the rape charges."
We review the decision to deny a motion for a new trial to determine whether the judge committed an error of law or abused his discretion.[2] See Commonwealth v. Loring, 463 Mass. 1012, 1013 (2012). We have reviewed the record in this case carefully and discern no error of law or abuse of discretion. We agree with the conclusion reached by the motion judge that the issue of duplicative convictions has been litigated and determined in the defendant's prior unsuccessful motions to withdraw his guilty pleas. It suffices to note that, in his third motion for a new trial the defendant claimed that his conviction of kidnapping was duplicative of the convictions of rape. That argument was rejected by the judge, and his order denying the motion for a new trial on that basis was affirmed. As such, the defendant is estopped from relitigating the issue. See Rodriguez, 443 Mass. at 709-710.
Furthermore, although it is not necessary to reach the merits of the defendant's claim, we note, as the Commonwealth has explained in its brief, that there is no legal or factual basis for the defendant's claim. The aggravating circumstances for which the enhanced sentence was imposed on the forcible rape of a child charge was the defendant's possession of a firearm, and not the fact that he had kidnapped the victim.
Orders denying fourth motion for new trial and motion for reconsideration affirmed.

We recognize that the defendant's appeal stems from the denial of his motion for reconsideration. However, because the motion judge addressed the merits of the underlying claim as presented in the fourth motion for a new trial, in the interests of judicial economy, so do we.