NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-993

COMMONWEALTH

vs.

PAUL PEREIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of several drug and firearm related charges, including conspiracy to traffic in 200 grams or more of cocaine. With one exception, the convictions were affirmed on appeal. See Commonwealth v. Pereira, 84 Mass. App. Ct. 1135 (2014). Thereafter, the defendant moved for a new trial, which was denied. The denial of that motion was also affirmed on appeal. See Commonwealth v. Pereira, 97 Mass. App. Ct. 1109 (2020). Undeterred, the defendant moved pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), to again challenge the sufficiency of the evidence supporting his conviction of conspiracy to traffic cocaine. That motion was denied for the reasons stated in the Commonwealth's opposition, which included

the assertion that the defendant's claim was barred by direct estoppel.  We agree and affirm.

In Commonwealth v. Arias, 488 Mass. 1004, 1007 (2021), the Supreme Judicial Court announced that claim preclusion and estoppel apply to a motion under rule 25 (b) (2) as well as to a motion for a new trial filed under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  Direct estoppel, a form of claim preclusion, applies when the following three conditions are met:  (1) the current issue was litigated and determined; (2) the determination was essential to the defendant's conviction; and (3) the defendant had an opportunity to obtain review of that determination.  Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020); Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005).  In addition to direct estoppel, the doctrine of waiver comes into play when a defendant fails to address an issue that could have been raised on direct appeal or in a prior motion for a new trial.  See Commonwealth v. Roberts, 472 Mass. 355, 359 (2015); Mass. R. Crim. P. 30 (c) (2), 378 Mass. 901 (1979).

On appeal from the denial of his second postconviction motion, the defendant claims that a mere buyer-seller relationship is not enough to prove a conspiracy, and thus, the evidence was insufficient to support his conviction.  On direct appeal, the defendant also claimed the evidence was insufficient

2

to support his conviction for conspiracy to traffic in cocaine, albeit in different terms.

In this appeal, the defendant is estopped from relitigating his sufficiency claim because all three conditions of direct estoppel have been met.  The claim was litigated and determined on direct appeal, and the sufficiency of the evidence was essential to the defendant's conviction.  See Commonwealth v. Watkins (No. 1), 486 Mass. 801, 806 (2021).  Indeed, on direct appeal, we held that "the Commonwealth's evidence showed that the defendant engaged in a conspiracy to traffic in cocaine based on the recorded telephone conversations," and that "the jury could have concluded the defendant had conspired to traffic in 200 grams or more of cocaine."  Pereira, Mass. App. Ct., No. 11-P-2096, slip op. at *5-*6.

Nonetheless, the defendant claims that direct estoppel does not apply here because he made a different sufficiency argument on direct appeal than he does in this appeal.[1]  We disagree.  As the Supreme Judicial Court has stated, "[a] defendant may not avoid basic concepts of waiver, estoppel, and preclusion by the expedient of recasting claims decided adversely to him or her

---

[1] On direct appeal, the defendant claimed that the Commonwealth failed to prove that the conspiracy was to traffic more than 200 grams of cocaine, whereas here, he claims the Commonwealth failed to prove the element of "conspiracy."

3

into a motion filed under rule 25 (b) (2)."  Arias, 488 Mass. at 1007.

Even though the claim is barred or waived, if we addressed the merits, we would conclude that there was sufficient evidence to support the defendant's conviction, and thus, there was no risk that justice miscarried.  See Commonwealth v. Randolph, 438 Mass. 290, 293-294 (2002).  In the light most favorable to the Commonwealth, the evidence demonstrated that the defendant was engaged in an extensive drug distribution conspiracy sufficient to sustain seven conspiracy convictions in addition to the conspiracy to traffic conviction.  The evidence showed that the defendant was buying cocaine from a supplier, and then selling cocaine to individual buyers.  Given the quantity of cocaine at issue, the jury were free to infer that the conspirators understood that the cocaine the defendant received from his co-conspirator would then be sold to others.  See Commonwealth v. Casale, 381 Mass. 167, 173 (1980) ("inferences drawn by the jury

need only be reasonable and possible and need not be necessary or inescapable").

<div style="margin-left:50%">

Order denying postconviction motion affirmed.

By the Court (Meade, Blake & Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

</div>

Entered:  July 10, 2023.

---

[2] The panelists are listed in order of seniority.