NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-449

COMMONWEALTH

vs.

MARK MELENDEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A grand jury indicted the defendant for unlawful possession of a firearm with one prior conviction for a violent crime or serious drug offense, unlawful possession of a large capacity weapon, and unlawful possession of a loaded firearm.  After an evidentiary hearing, a Superior Court judge suppressed the firearm found in the defendant's vehicle and certain statements made to police on the day of his arrest.[1]  The judge subsequently denied the Commonwealth's motion to reconsider[2] in a margin

_____

[1] The Commonwealth did not appeal from the judge's suppression of the defendant's statements.

[2] The Commonwealth argued that the automobile exception to the warrant requirement applied to the search, which it had failed to assert at the original motion hearing.  See Commonwealth v. Rodriguez, 443 Mass. 707, 708-709 (2005) (issue

endorsement.[3]  The Commonwealth sought leave to pursue an interlocutory appeal from the judge's orders, and a single justice of the Supreme Judicial Court granted leave for an appeal to this court.  See G. L. c. 278, § 28E; Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017).  Concluding that the search was justified by the automobile exception to the warrant requirement, we reverse.

Background.  We recite the facts found by the motion judge, supplemented by uncontroverted testimony of the witnesses and our independent review of the video footage from the body-worn camera.  See Commonwealth v. Yusuf, 488 Mass. 379, 380-381 (2021).  On September 23, 2020, at around 3:45 P.M., Springfield police officers were dispatched to 15 Austin Street for reports a person there had been shot.  After arriving at the scene, officers saw the defendant lying outside of the open front driver's-side door of a blue four-door Acura sedan in the parking lot of George's Auto Body.  There were several men standing in the lot near the Acura and one man reaching inside the vehicle to retrieve a cell phone when police first

---

first raised in motion for reconsideration preserved for appellate review provided motion filed within period allotted for taking an appeal).

[3] The endorsement states, "After hearing, I have reconsidered my ruling and reach the same result."

approached the defendant.  The autobody shop was open to the public and located on a busy city street.  The defendant told officers that he had been shot "down the street" and that he did not know who did it.  He appeared to have a gunshot wound to his upper left thigh and was visibly bleeding.  Witnesses told officers that the defendant drove into the parking lot and said that he had been shot.  Police saw blood on the driver's seat of the Acura.  While the defendant was being medically treated on the ground next to the Acura, an officer searched the vehicle and found a firearm under the front passenger seat inside a clear plastic bag.  The engine of the vehicle was still running until police turned it off during their search.

Discussion.  "In reviewing a ruling on a motion to suppress evidence, we accept the judge's subsidiary findings of fact absent clear error" (citation omitted).  Commonwealth v. Daveiga, 489 Mass. 342, 346 (2022).  "We review independently the application of constitutional principles to the facts found" (citation omitted).  Id.  The automobile exception to the warrant requirement permits officers to conduct a warrantless search of an automobile parked in a public place and apparently capable of being moved where there is probable cause to believe that the vehicle contains evidence of a crime.  See Commonwealth v. Guardado, 491 Mass. 666, 674, S.C., 491 Mass. 666 (2023);

3

Commonwealth v. Johnson, 461 Mass. 44, 49-50 (2011).  The existence of probable cause depends on whether the facts and circumstances within the officers' knowledge at the time of the search or seizure were sufficient to warrant a prudent person in believing that evidence of a crime would be found within the vehicle.  See Commonwealth v. Bostock, 450 Mass. 616, 624 (2008).

Here, the defendant does not dispute that the autobody business's parking lot was open to the public or that the defendant's vehicle was capable of being moved.  We therefore move to the question whether there was probable cause to believe a crime was committed and that evidence would be found in the Acura.

The defendant was actively bleeding when police first encountered him, and he told officers he had been shot "down the street."  Thus, it was reasonable for them to conclude that the defendant had been shot recently and nearby to the autobody shop and parking lot.  There was probable cause to believe that a crime had occurred, whether the defendant's gunshot wound was the result of another person shooting him (assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A,) or was self-inflicted (discharge of a firearm within 500 feet of a dwelling or other building, G. L. c. 269, § 12E).  Witnesses

4

reported that the defendant drove into the parking lot before falling out of his car, and the Acura's engine was still running until an officer reached in to turn it off after retrieving the firearm. Moreover, police saw blood on the driver's seat of the vehicle. Based on this evidence, we conclude that there was ample basis to support probable cause to believe that evidence of the crime resulting in the defendant being shot would be found inside the vehicle. See Commonwealth v. Torres, 102 Mass. App. Ct. 359, 365-366 (2023) (search justified by observation of used "crack" cocaine pipe in vehicle).[4]

Order allowing motion to
suppress reversed.

By the Court (Meade, Blake &
Brennan, JJ.[5]),

_Paul Little_

Clerk

Entered: August 9, 2024.

---

[4] Because we conclude that the motor vehicle exception justified the warrantless entry and search, we need not address the Commonwealth's argument that the search was justified as a protective sweep of the vehicle.

[5] The panelists are listed in order of seniority.

5