NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1031

COMMONWEALTH

vs.

SHAHEED ABDULLAH.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following the defendant's convictions by juries in the Superior Court and the affirmance of all those convictions except one by a panel of this court,[2] the defendant moved to vacate his convictions and dismiss the indictments, or, in the alternative, for a new trial on the basis that the Commonwealth

---

[1] Also known as Sean Fuller.

[2] A jury convicted the defendant of armed robbery, aggravated assault and battery by means of a dangerous weapon, assault and battery by means of a dangerous weapon, unlawful possession of ammunition, unlawful possession of a firearm, and carrying a loaded firearm.  A second jury convicted the defendant of the subsequent offense, habitual offender, and armed career criminal enhancements.  A panel of this court vacated the defendant's conviction of unlawful possession of ammunition and affirmed his other convictions.  See Commonwealth v. Abdullah, 86 Mass. App. Ct. 1114 (2014).

provided undisclosed inducements to a witness, who was one of the victims of the charged crimes, in consideration for his trial testimony. A Superior Court judge denied the motion. The defendant appealed, and a different panel of this court affirmed the denial of the defendant's motion but remanded the matter for postconviction discovery. See Commonwealth v. Abdullah, 98 Mass. App. Ct. 1101 (2020). In response to the defendant's discovery request, the Commonwealth produced an unsigned draft agreement titled, "RE: [Witness's name]." The defendant then filed a renewed motion for a new trial based on the unsigned draft agreement. A different judge (motion judge) held three status conferences and determined that because there was no evidence that the unsigned draft agreement had been consummated with or communicated to the witness, and that the defendant is estopped from relitigating whether the Commonwealth's failure to disclose promises, rewards, or inducements provided grounds for a new trial. We affirm.

Discussion. "The Commonwealth is required to disclose exculpatory evidence to the defendant, including, as is relevant here, evidence that would tend to impeach the credibility of a key prosecution witness." Commonwealth v. Collins, 470 Mass. 255, 267 (2014). "[T]he existence of an undisclosed plea agreement . . . would raise a serious issue" supporting a motion

2

for a new trial.  Commonwealth v. Upton, 484 Mass. 155, 162 (2020).

We review the denial of a motion for a new trial "only to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted).  Commonwealth v. Weichell, 446 Mass. 785, 799 (2006).  "A judge's authority to grant a new trial pursuant to Mass. R. Crim. P. 30 (b), [as appearing in 435 Mass. 1501 (2001),] while broad, is limited by principles of direct estoppel."  Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020).  "For direct estoppel to bar relief, 'the Commonwealth must show that the issues raised in the defendant's rule 30 (b) motion were actually litigated and determined . . . , that such determination was essential to the defendant's conviction, and that the defendant had an opportunity to obtain review of the determination.'"  Id., quoting Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005).  As relevant here, "where the 'facts and the law are literally the same [as in the direct appeal],' direct estoppel prevents a judge from granting relief under rule 30 (b) . . ." (citation omitted).  Sanchez, supra.

After the Commonwealth produced the unsigned draft agreement, the motion judge issued two procedural orders for the parties to submit evidence on whether the unsigned draft agreement was subsequently signed or otherwise consummated.  The

3

assistant district attorney who drafted the agreement submitted an affidavit declaring that he lacked the authority to enter into a cooperation agreement without authorization from his supervisors, that the witness testified without a cooperation agreement, and that the draft cooperation agreement was not subsequently signed or consummated.  The defendant's attorney contacted the witness's defense attorneys, who communicated that neither attorney had a cooperation agreement in their files for the witness.  In the end, there was no evidence of any communication between the Commonwealth and the witness's criminal lawyers reflecting an agreement.  Additionally, there was no subsequent reduction in the witness's charges or sentence that would have arguably been circumstantial evidence of an inducement or agreement.

Consequently, the motion judge found that there was no evidence that the draft agreement was ever communicated to the witness or otherwise consummated.  Because the draft agreement provides no evidence that the witness knew about or entered into any agreement between himself and the Commonwealth, we are not persuaded that the combination of the unsigned and uncommunicated draft agreement along with the Commonwealth's agreement to various stays to the witness's sentences constitutes a new issue that would bar the application of direct estoppel.  Cf. Commonwealth v. Ellis, 475 Mass. 459, 475-476

4

(2016) (declining to apply direct estoppel where detectives' misconduct was known but victim's involvement in detectives' misconduct was unknown). We instead agree with the motion judge that in the absence of further evidence of a previously undisclosed promise, reward, or inducement, the defendant is estopped from litigating whether undisclosed inducements to the witness entitled the defendant to a new trial. See Sanchez, 485 Mass. at 498.[3]

Order denying renewed motion
for new trial affirmed.

By the Court (Vuono,
Desmond & Toone, JJ.[4]),

Clerk

Entered:  October 23, 2025.

---

[3] We likewise agree that if the defendant were not estopped, the unsigned draft agreement would have provided the defendant little to no value at trial. Therefore, the motion judge did not abuse his discretion in concluding that the failure to disclose the unsigned draft agreement did not provide grounds for a new trial. See Upton, 484 Mass. at 168.

[4] The panelists are listed in order of seniority.