NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1033

COMMONWEALTH

vs.

STEVEN A. JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court in December 1985, the defendant was convicted of (1) aggravated rape, G. L. c. 265, § 22 (a); (2) three counts of aggravated rape of a child, G. L. c. 265, §§ 22A and 23, as then in effect; (3) four counts of kidnapping, G. L. c. 265, § 26; and (4) four counts of assault by means of a dangerous weapon, G. L. c. 265, § 15B (b). See Commonwealth v. Johnson, 85 Mass. App. Ct. 1117 (2014) (unpublished memorandum and order). The defendant now appeals from the denial of his fourth motion for a new trial. We affirm.

Background. In 1986, the defendant filed his first unsuccessful motion for a new trial. See Johnson, 85 Mass. App.

Ct. 1117. In 1987, a different judge denied the defendant's second motion for a new trial. See id. The defendant appealed from the denial of the second motion for a new trial, and a panel of this court affirmed the order in an unpublished memorandum of decision. See Commonwealth v. Johnson, 27 Mass. App. Ct. 1406 (1989). In 2010, the defendant filed his third motion for a new trial, arguing, inter alia, that the Commonwealth failed to disclose exculpatory forensic test results at trial -- specifically, a Boston police laboratory report showing that he was a "nonsecretor." Johnson, 85 Mass. App. Ct. 1117. A third judge denied that motion for a new trial. The defendant subsequently appealed from that order to this court, where a different panel affirmed. See id. In 2023, the defendant filed a fourth motion for a new trial contending that the Commonwealth failed to disclose forensic testing. A fourth judge denied the motion without a hearing in a margin endorsement, and the defendant filed the instant appeal.

Discussion. The Commonwealth argues that the motion judge properly denied the defendant's fourth motion for a new trial where the defendant litigated the same issue in his third motion for a new trial and related appeal. The Commonwealth contends that the defendant's claim is therefore barred by direct estoppel. We agree.

2

"For direct estoppel to apply, the Commonwealth must show that the issues raised in the defendant's . . . motion were actually litigated and determined . . . , that such determination was essential to the [prior adjudication], and that the defendant had an opportunity to obtain review of the determination . . . ." Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005). See Commonwealth v. Matthews, 45 Mass. App. Ct. 444, 445 n.2 (1998), cert. denied, 528 U.S. 1101 (1999) (issues raised in previous motions for new trial are "barred by the prior adjudications").

Here, the defendant's fourth motion for a new trial asserts a claim that was already argued and decided in his third motion for a new trial -- that the Commonwealth withheld particular exculpatory forensic evidence. In our decision affirming the denial of the third motion for a new trial, we concluded that the defendant failed to demonstrate that the evidence was newly discovered and that it cast genuine doubt upon his convictions. See Johnson, 85 Mass. App. Ct. 1117. Therefore, the defendant's contention in his fourth motion for a new trial that the Commonwealth did not disclose exculpatory forensic testing is barred because that issue was already "litigated and determined," that determination was "essential" to the disposition of the third motion for a new trial, and the denial of that motion was subject to appellate review. Rodriguez, 443

3

Mass. at 710.  Because the defendant raises no new factual or legal issues and fails to offer any new evidence, we conclude that his claim is barred by direct estoppel, and thus we discern no error of law or other abuse of discretion in the denial of the motion.  See Commonwealth v. Diaz, 100 Mass. App. Ct. 588, 592 (2022).

Order denying fourth motion
for new trial affirmed.

By the Court (Hand, Hodgens &
Tan, JJ.[1]),

Clerk

Entered:  November 5, 2025.

---

[1] The panelists are listed in order of seniority.