NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-193

JACQUES E. MITRI

vs.

CHRISTINA C. FERGUSON MARGE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jacques E. Mitri, appeals from an order of a Land Court judge, entered on October 2, 2024, denying three motions for relief from judgment.  We affirm.

The plaintiff filed this action in the Land Court in 2023.  The judge dismissed the complaint as barred by the doctrine of res judicata, and the judge subsequently denied his March 8, 2024 motion for relief from judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), based on fraud on the court.  The plaintiff appealed from the judgment and the order denying his

---

[1] Michael C. Marge; Edward C. Griffin; Jennifer Hugueley; Golden Gates Properties LLC; Nationstar Mortgage LLC, doing business as Mr. Cooper; Aurora Bank FSB; Aurora Loan Services LLC; Homecoming Financial Network Inc.; and Presidential Mortgage Corporation.

motion for relief from judgment, and a panel of this court affirmed them in a decision issued on April 16, 2025. See Mitri v. Marge, 105 Mass. App. Ct. 1123 (2025).

While that appeal was pending, the plaintiff obtained leave from a single justice of this court for the Land Court judge to consider another motion for relief from the judgment, which the plaintiff had filed on August 7, 2024. The plaintiff filed two additional motions in the Land Court on September 30, 2024. The same judge denied all three motions in the October 2, 2024, order which is the subject of this appeal. The judge concluded, and we agree, that "all three motions seek the same relief based on the same alleged infractions committed by the Defendants" and that they are "also substantially the same as the motion filed by the Plaintiff on March 8, 2024." As mentioned, the denial of the March 8 motion was affirmed by a panel of this court.

As the Land Court judge had already denied essentially the same motion based on unfounded allegations of fraud, and this court affirmed the denial of that motion, the plaintiff may not continue to litigate the same claim. See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005); King v. Driscoll, 424 Mass. 1, 8 (1996).

The defendants request an award of attorney's fees and double costs on the ground that this appeal is frivolous. We agree that such an award is warranted. Indeed, the panel that

2

acted on the prior appeal in this same matter also allowed attorney's fees on the ground that the prior appeal was frivolous.  Accordingly, within fourteen days of the date of the decision, the defendants may file a verified and itemized application for such fees and costs.  The plaintiff will thereafter have fourteen days to file any opposition to the amounts requested.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Order entered October 2, 2024, affirmed.

By the Court (Massing, Singh & Grant, JJ.[2]),

*Paul Little*

Clerk

Entered:  May 14, 2026.

---

[2] The panelists are listed in order of seniority.