Background. After a jury trial, the defendant, Eddie L. Carreker, was found guilty of kidnapping, see G. L. c. 265, § 26, assault and battery, see G. L. c. 265, § 13A(a ), and assault and battery on a police officer, see G. L. c. 265, § 13D. A panel of this court affirmed the judgments on direct appeal. See Commonwealth v. Carreker, 89 Mass. App. Ct. 1111 (2016) (rule 1:28 decision). On direct appeal, the defendant argued, in part, that his trial counsel was ineffective for failing to inform him that kidnapping is a general intent crime. The panel rejected that claim, stating that "the defendant has not shown indisputably, on this record," that he was prejudiced by trial counsel's erroneous understanding of the elements of the crime of kidnapping.
The defendant subsequently filed a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), in which he again alleged that trial counsel was ineffective for failing to inform him prior to trial that kidnapping is a general intent crime. The defendant argued that he was prejudiced by trial counsel's failure because he would have pleaded guilty to the crime of kidnapping had he known that it was a general intent crime. The defendant and trial counsel each filed an affidavit in support of the defendant's motion for a new trial. In paragraphs numbered four and five of his affidavit, the defendant stated, "4. I did not want to plead guilty to kidnapping because I believed I was innocent of kidnapping. 5. I believed I was innocent of kidnapping because I did not intend to kidnap the child."
The motion judge denied the defendant's motion after concluding that the disposition of that ineffective assistance claim on direct appeal estopped the defendant from making the same ineffective assistance argument in his subsequent motion for a new trial. The motion judge went on to conclude, after crediting certain statements made in the affidavits, that the defendant did not have a valid ineffective assistance of counsel claim on the basis that the defendant was not given incorrect legal advice. The motion judge in his order did not make explicit findings as to the above-quoted paragraphs four and five of the defendant's affidavit in deciding the defendant's motion.
Discussion. 1. Direct estoppel. The defendant argues that the motion judge erroneously concluded that he was directly estopped from raising the ineffective assistance of counsel claim in his motion for a new trial. We agree.
Direct estoppel applies to bar a defendant from relitigating an issue in a motion for a new trial where a defendant "raises no new factual or legal issue in [his or] her rule 30(b) motion." Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005). By submitting, in support of his motion for a new trial, his own affidavit and that of trial counsel which contain facts not previously presented, there are new factual issues relevant to the defendant's claim that he received ineffective assistance of counsel. Direct estoppel thus is not a bar to the litigation of the defendant's ineffective assistance claims in this proceeding. The question, therefore, is whether the defendant has demonstrated, as required by Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), that he was prejudiced by counsel's failure to advise him of the elements of the crime of kidnapping. See Commonwealth v. Marinho, 464 Mass. 115, 128-129 (2013). See also Commonwealth v. Zinser, 446 Mass. 807, 812 (2006). Of course, whether those affidavits are to be credited, in whole or in part, and whether a hearing is required are left to the discretion of the motion judge, who was also the trial judge.
2. Ineffective assistance of counsel. The record indicates that the first prong of Saferian, regarding the substandard performance of counsel, was met due to trial counsel's misunderstanding of the elements of kidnapping as late as the first day of trial. See Saferian, supra (first requirement of ineffective assistance claim is "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer").
We must next determine whether the defendant was prejudiced by trial counsel's deficient performances. See Marinho, supra. "To establish prejudice on account of counsel's deficient performance in the plea context, the defendant must show a reasonable probability that the result of a plea would have been more favorable than the outcome of the trial." Id. at 129. "In particular, the defendant must demonstrate a reasonable probability that the prosecution would have made an offer, that the defendant would have accepted it, and that the court would have approved it." Ibid. See Missouri v. Frye, 566 U.S. 134, 147-148 (2012) ; Lafler v. Cooper, 566 U.S. 156, 163-164 (2012).
After reviewing the record before us, we conclude that it is necessary to remand the case to the Superior Court for the motion judge to determine whether the defendant was prejudiced by trial counsel's deficient performance. Proper evaluation of prejudice requires the motion judge to resolve the factual question whether the defendant, had he been properly advised that kidnapping, as charged in this instance, is a general intent crime, would have agreed to plead guilty prior to trial. See Marinho, supra. Findings must be made by the judge on the credibility of paragraphs four and five of the defendant's affidavit and on the aforementioned factors set forth in Marinho, see ibid., as well as in Lafler.[2] See Lafler, supra. See also Director of the Div. of Employment Security v. Mattapoisett, 392 Mass. 858, 862 n.5 (1984) ("Appellate courts are not fact finders"). Here, the judge did not explicitly state that he discredited paragraphs four and five of the defendant's affidavit, and thus on the record before us we are unable to discern whether the judge made the credibility determinations needed to support a denial of the defendant's motion.
Conclusion. Accordingly, we vacate the order denying the motion for a new trial and remand the case to the Superior Court for further proceedings consistent with this memorandum and order.
So ordered.
Vacated; remanded.

After making those findings, the motion judge may exercise his discretion by denying or allowing the motion. We accordingly decline to retain jurisdiction over the case.