After a 2008 jury trial in the Superior Court, the defendant was convicted of two counts of breaking and entering a building with the intent to commit a felony, G. L. c. 266, § 18 ; and one count of possession of burglarious instruments, G. L. c. 266, § 49.[2] As to each offense, the Commonwealth sought sentencing enhancement, alleging that the defendant was a habitual offender. See G. L. c. 279, § 25. At a bench trial[3] following convictions of the underlying offenses, the Commonwealth introduced evidence of four prior convictions for which the defendant had been sentenced to three or more years in State prison. Based on this evidence, the judge found that the defendant was a habitual offender within the meaning of G. L. c. 279, § 25, and sentenced him to the statutory maximum on each of the three offenses.[4]
In May, 2017, the defendant, acting pro se, filed a motion to correct his sentence, claiming that he could not be sentenced as a habitual offender on multiple counts. The judge denied the motion without a hearing, and this appeal followed.
We review the defendant's sentence only to determine whether it was lawful, as we "have no general power to review the severity or leniency of an otherwise lawful sentence which is within the limits permitted by statute." Commonwealth v. Hogan, 17 Mass. App. Ct. 186, 187 (1983). In this case, where the defendant was sentenced to the maximum term of imprisonment on each of three separate offenses pursuant to the habitual offender statute, we conclude that the sentences were lawful.
In pertinent part, G. L. c. 279, § 25, provided[5] that
"[w]hoever has been twice convicted of crime and sentenced and committed to prison ... for terms of not less than three years each ... shall, upon conviction of a felony, be considered a habitual criminal and be punished by imprisonment in the [S]tate prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced."
Here, the evidence established that, at the time of his three felony convictions in 2008, the defendant had previously been convicted four times and had, on each offense, been committed to State prison for a term of three years or more. The defendant does not claim otherwise. Rather, he argues that under Commonwealth v. Richardson, 469 Mass. 248 (2014), it was error to impose a sentence enhancement on each offense. We disagree.
The defendant's reliance on Richardson is misplaced. There, the defendant was convicted of unlawful possession of a single firearm. Id. at 251. The Commonwealth sought enhancement of the sentence under two different statutes, alleging that the defendant qualified as both a repeat offender and an armed career criminal. The Supreme Judicial Court concluded that the judge could not enhance a sentence for a single conviction under both sentence enhancement statutes. Id. at 254. Specifically, the court stated that "unless the Legislature has explicitly declared its intent to permit multiple sentencing enhancements, a defendant may be sentenced under only one sentencing enhancement statute." Id. at 249. The circumstances in this case are different. The defendant was convicted of three separate offenses, see Commonwealth v. Abernathy, 85 Mass. App. Ct. 1117 (2014), and the Commonwealth sought sentence enhancement as to each offense under a single habitual offender statute. Richardson is therefore inapposite.
It is well settled that a defendant can be sentenced as a habitual offender on multiple counts. See Commonwealth v. Perry, 65 Mass. App. Ct. 624, 625 (2006) (affirming judgments regarding convictions of armed burglary, armed assault with intent to murder, and assault and battery by means of a dangerous weapon subject to habitual offender enhancements). Once the judge found that the defendant was a habitual offender, she was required to sentence him to the maximum term of imprisonment for each felony conviction under the unambiguous language of G. L. c. 279, § 25. Whether the sentences were to be served concurrently or consecutively was within the judge's discretion. See Commonwealth v. Lucret, 58 Mass. App. Ct. 624, 628 (2003).
Order denying motion to correct sentence and release from restraint affirmed.

Panels of this court have previously affirmed the judgments and the orders denying the defendant's several motions for new trial. See Commonwealth v. Abernathy, 85 Mass. App. Ct. 1117 (2014) ; Commonwealth v. Abernathy, 91 Mass. App. Ct. 1119 (2017).

The defendant waived his right to a jury trial on his status as a habitual offender.

The defendant was sentenced to ten years in State prison for the first conviction of breaking and entering, to run concurrent with a ten-year term for possession of burglarious instruments. See G. L. c. 266, §§ 18, 49 (both providing for a maximum punishment of ten years in State prison). For the second breaking and entering conviction, the defendant was sentenced to a term of ten years in State prison, from and after the sentences on the other two convictions.

The Legislature amended § 25 in 2012. See St. 2012, c. 192, § 47. This was the first such amendment since the compilation of the General Laws in 1932. We cite to the version of the statute in effect at the time of the defendant's conviction and sentencing in 2008, quoting the language in effect between 1932 and the 2012 amendment.