NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-317

COMMONWEALTH

vs.

FRANKLIN ABERNATHY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted by a jury of the Superior Court, of two counts of breaking and entering a building with the intent to commit a felony, G. L. c. 266, § 18, and one count of possession of burglarious instruments, G. L. c. 266, § 49. He was then arraigned on three counts of being a habitual offender under G. L. c. 279, § 25, and, after a jury-waived trial, was found guilty. The defendant now appeals from the denial of his postconviction motion for required findings of not guilty and resentencing, arguing that the Commonwealth did not present sufficient evidence for his convictions as a habitual offender. We affirm.

Procedural background. In 2007, a Suffolk County grand jury indicted the defendant on two counts of breaking and entering a building with the intent to commit a felony in

violation of G. L. c. 266, § 18, one count of possession of burglarious tools in violation of G. L. c. 266, § 49, and one count of resisting arrest in violation of G. L. c. 268, § 32B.[1] The defendant was also indicted as a habitual offender under G. L. c. 279, § 25, for each of these offenses. In the indictments and at the grand jury, the Commonwealth relied on convictions from 2002 and 2004 to satisfy the requirement under G. L. c. 279, § 25, that the defendant had been previously convicted and sentenced to State prison for a term of three years or more.[2]

In 2017, after mounting a series of unsuccessful appeals,[3] the defendant, while acting pro se, filed a motion to correct an illegal sentence. In an unpublished decision, a different panel of this court affirmed the sentence, rejecting the defendant's contention that he could not be given to consecutive sentences.

The defendant later filed the motion at issue, for required findings of not guilty under Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), challenging the sufficiency of

---

[1] At the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty of resisting arrest.

[2] The Commonwealth presented the grand jury with evidence relating to convictions on September 9, 2002, and December 1, 2004.

[3] See Commonwealth v. Abernathy, 93 Mass. App. Ct. 1107 (2018); Commonwealth v. Abernathy, 91 Mass. App. Ct. 1119 (2017); Commonwealth v. Abernathy, 85 Mass. App. Ct. 1117 (2014). Further review was denied in all three appeals.

the evidence underlying the habitual offender convictions.  A judge of the Superior Court denied the defendant's motion on the ground of direct estoppel, reasoning that the unpublished decision by the Appeals Court panel was binding on the defendant.  The Commonwealth urges us to affirm the defendant's convictions on this basis, but also argues in the alternative that there was sufficient evidence to convict the defendant as a habitual offender.

Discussion.  1.  Direct estoppel.  In Commonwealth v. Arias, 488 Mass. 1004, 1007 (2021), the Supreme Judicial Court announced that claim preclusion and estoppel apply to a motion under rule 25 (b) as well as to a motion for a new trial filed under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  Direct estoppel, a form of claim preclusion, applies when the following three conditions are met:  first, the current issue was litigated and determined; second, the determination was essential to the defendant's conviction; and third, the defendant had an opportunity to obtain review of that determination.  Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020); Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005).  In addition to direct estoppel, the doctrine of waiver comes into play when a defendant fails to address an issue that could have been raised on direct appeal or in a prior motion for a new trial.

3

Here, the defendant is estopped from relitigating the question of the sufficiency of the evidence because all three criteria of direct estoppel have been met.  The first criterion, whether the current issue was litigated and determined, was met when the defendant had the opportunity to litigate his motion for relief from an illegal sentence.  Although the defendant focused on the imposition of consecutive sentences on the habitual offender convictions and did not challenge the sufficiency of the evidence, the Commonwealth responded by fully briefing the issue of the sufficiency of the evidence and then analyzed the claim whether the defendant's consecutive sentences were illegal.  A panel of this court acknowledged the importance of the sufficiency of the evidence to the defendant's arguments when it specifically stated that the evidence established at the time of his convictions that he "had previously been convicted four times and had, on each offense, been committed to State prison for a term of three years or more." Commonwealth v. Abernathy, Mass. App. Ct., No. 17-P-904, unpub. op. at *2 (Apr. 26, 2018).  The panel specifically stated that the defendant did not claim otherwise.  Id.

The second criterion, whether the determination was essential to the defendant's conviction, has also been met, because the sufficiency of the evidence was central to the panel's determination that the defendant's sentences were not

4

illegal; the evidence must have been sufficient for the sentences to stand.

Finally, the third criterion, whether the defendant had an opportunity to obtain review of the previous determination, was also met. The defendant not only had an opportunity for review, but actually sought further appellate review, which was denied. See 480 Mass. 1107 (2018).

2. Sufficiency of the evidence. Recognizing that the defendant was pro se when filing his motion claiming he received an illegal sentence and that the doctrine of direct estoppel is not absolute, Sanchez, 485 Mass. at 500, we choose to turn to the substantive issue claimed by defendant: whether the Commonwealth presented sufficient evidence to support the habitual offender convictions.[4] Here, even if we overlook that the defendant is estopped, we remain unpersuaded by the defendant's arguments.

The familiar standard for reviewing the denial of a motion for a required finding of not guilty is whether, when "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).

---

[4] The defendant concedes that the evidence was sufficient to prove beyond a reasonable doubt that he was convicted on December 1, 2004.

5

Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).
Circumstantial evidence can be considered along with inferences
that are "not too remote in the ordinary course of events"
(citation omitted). Commonwealth v. Hall, 397 Mass. 466, 469
(1986).

The habitual offender statute, G. L. c. 279 § 25 (a),
provides as follows:

> "[w]however is convicted of a felony and has been
> previously twice convicted and sentenced to state prison
> . . . for a term not less than 3 years . . . shall be
> considered a habitual criminal and shall be punished by
> imprisonment in state prison . . . for such felony for the
> maximum term provided by law."

We review the evidence in the light most favorable to the
Commonwealth to determine if the Commonwealth sufficiently
showed that the defendant was previously twice convicted of a
felony and sentenced to State prison for at least three years.
Latimore, 378 Mass at 677. At trial, the Commonwealth called
Boston Police Officer Kimberly Platt, who was the booking
officer for the underlying crimes, and who obtained biographical
information from the defendant, provided him with Miranda
warnings, and fingerprinted him. Officer Platt identified the
defendant in the courtroom as the same individual whom she
booked at the station. The booking form, which was introduced
in evidence, contained a picture of the defendant and the
defendant's date of birth, height, eye color, Social Security

6

number, and approximate weight, as reported to Officer Pratt by the defendant.

The Department of Correction (DOC) fingerprint cards from the defendant's 1988 and 1992 incarcerations, which were not the convictions the Commonwealth used to establish the defendant was a habitual offender during grand jury proceedings, were introduced in evidence and included the defendant's photograph, physical description, name, date of birth, and mother's name (most of the biographical information is consistent with the booking information provided by the defendant to Officer Platt). The 1988 fingerprint card indicated that the defendant's sentence was three to five years in State prison. The 1992 fingerprint card also had a photograph of the defendant at the State prison; a description of the crime as breaking and entering a building and the sentence as four to ten years; the defendant's name, age, height, weight, and eye color; and other unique identifiers. The DOC fingerprint card for the defendant's 2004 sentence included his name, date of birth, Social Security number, and home address, and listed the conviction as larceny from a building with a sentence of from three years to three years and one day. Furthermore, Rachel Lemery, a senior criminalist with the latent print unit of the Boston Police Department, testified for the Commonwealth that she compared the three sets of fingerprints from the DOC

fingerprint cards and opined that all three were from the same person, Franklin Abernathy.[5]  The Commonwealth then introduced a certified docket of the case underlying the 2004 conviction containing the defendant's name and address and a docket entry indicating that, after pleading guilty, the defendant's sentence was to be served concurrent with that imposed on the 2002 conviction.  Since the defendant concedes that this is sufficient for the 2004 conviction and sentence, the only issue before us whether the Commonwealth properly established the 2002 conviction.  However, in a challenge to the sufficiency of the evidence that the defendant was convicted and sentenced to a State prison for three years or more, we do not limit our analysis to evidence directly associated to the 2002 conviction.

We conclude the Commonwealth properly established the 2002 conviction.  The Commonwealth introduced the grand jury indictments from 1999 of which the defendant was convicted in 2002, containing the defendant's name, charges, and corresponding docket number along with three pages of certified docket sheets of the same docket number showing that the defendant pleaded guilty and was sentenced to a term of three

_____

[5] The DOC fingerprint cards, which included the defendant's picture, residential address, mother's and father's names, Social Security number, date of birth, height, and weight, were introduced as Exhibits 2, 3, and 4.  The report generated by the fingerprint examiner was introduced as Exhibit 5.

years to three years and one day "<u>each concurrent with sentence imposed on 98-11917</u>" (emphasis added).  The docket further notes "[d]efendant having been in custody more than 3 Years 1 Day, Court orders sentence deemed served."

Here, when determining if the Commonwealth met its burden of proof, the judge properly reasoned that she was not limited to considering the 1999 docket relating to the 2002 conviction and could consider other evidence that the Commonwealth introduced.  In announcing her verdict, the judge reasoned:

> "And in making my decision, the Court is permitted to look at all of the evidence, including not just Mr. Abernathy's name but all identifying information, the fingerprints, and together with reasonable inferences that the Court can draw from all of the evidence.  I mean clearly, this is not a case of the Commonwealth just showing a name and a docket sheet, but rather there has been ample evidence to satisfy this Court, to prove well beyond a reasonable doubt that Franklin Abernathy who sits in this courtroom today is in fact the Franklin Abernathy who has been convicted on the prior occasions as, set forth in the . . . exhibits."

There was more than enough evidence for the judge to find that the Commonwealth sustained its burden of proving that the defendant was twice previously convicted and sentenced to a

State prison term of three years or more.

                                    <u>Order denying motion for
                                      required findings of not
                                      guilty and for resentencing
                                      affirmed</u>.

                                    By the Court (Meade,
                                      Wolohojian & Walsh, JJ.[6]),

                                    *Joseph F. Stanton*

                                    Clerk

Entered:  May 10, 2023.

---

[6] The panelists are listed in order of seniority.